LARRY D. VAUGHT, Judge
Brandon Philpott appeals his conviction by a Benton County Circuit Court jury of one count of criminal mischief and one count of domestic battering. He argues that the circuit court erred in refusing to strike two potential jurors and in allowing the State to introduce evidence of Philpott's prior bad acts. We affirm.
This case arises out of a July 29, 2018 domestic dispute between Philpott and his mother, Pam, with whom he lived. Philpott acknowledges in his brief that he became angry and began throwing objects around the house and that during the incident he threw an item at Pam that hit her and caused serious injuries.
Prior to trial, Philpott filed a motion in limine to exclude evidence of his prior conviction for domestic battering. Although the State argued that the prior *756 conviction was admissible under Rule 404(b) of the Arkansas Rules of Criminal Procedure, the court granted Philpott's motion to exclude it unless Philpott opened the door to such testimony.
During voir dire, a few panel members indicated a desire to hear from the defendant and have him testify to his side of the story. Philpott challenged two of the panel members for cause-Mr. Spotts and Mr. Oxford-and the court denied both requests to strike, finding that both men had indicated that they could be fair and impartial. Philpott then used his last peremptory challenge to strike Mr. Spotts but was forced to accept Mr. Oxford. Although he stated prior to trial that he did not intend to testify, Philpott did choose to testify. He argues that this was due to the court's refusal to strike Mr. Oxford, who had indicated a desire to hear him testify.
Philpott's former wife testified at trial. During her cross-examination, the State questioned her about Philpott's history of destroying property when angry. Philpott objected, arguing that the questions were prohibited under the court's ruling on the motion in limine. The State argued that the motion in limine and the court's ruling had covered only his prior conviction for domestic battering, which was a different issue than his habit of destroying property. The circuit court allowed the testimony.
The jury convicted Philpott on both counts and sentenced him to thirty years' imprisonment and a $ 10,000 fine. This timely appeal follows.
"The decision to excuse a juror for cause rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion." Holder v. State , 354 Ark. 364, 383, 124 S.W.3d 439, 452-53 (2003) (quoting Nooner v. State , 322 Ark. 87, 907 S.W.2d 677 (1995) ). "Persons comprising the venire are presumed to be unbiased and qualified to serve." Holder , 354 Ark. at 383, 124 S.W.3d at 452-53 (quoting Taylor v. State , 334 Ark. 339, 347, 974 S.W.2d 454, 459 (1998) ).
The admission or rejection of testimony is a matter within the circuit court's sound discretion and will not be reversed on appeal absent a manifest abuse of that discretion and a showing of prejudice to the defendant. Solomon v. State , 2010 Ark. App. 559, 379 S.W.3d 489. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the trial court acted improvidently, thoughtlessly, or without due consideration. Harris v. State , 2018 Ark. App. 219, 547 S.W.3d 709.
Philpott's first argument on appeal is that the circuit court erred in denying his request to strike panel members Spotts and Oxford for cause. Because Philpott exercised a peremptory challenge to remove Spotts, his qualification to serve on the jury is not properly before us on appeal. He did not actually serve on the jury, and in Willis v. State our supreme court explained:
[w]e do not address this claim of error because it pertains to venirepersons that appellant excused through the use of his peremptory challenges. It is well settled that the loss of peremptory challenges cannot be reviewed on appeal. The focus should not be on a venireperson who was peremptorily challenged, but on the persons who actually sat on the jury. Because Ms. Howard and Ms. Wooley were not seated on the jury, we need not consider whether they should have been struck for cause.
334 Ark. 412, 420, 977 S.W.2d 890, 894 (1998) (internal citations omitted).
Therefore, the only issue before us is whether the court erred in denying Philpott's *757 for-cause challenge to Oxford. We see no reversible error and affirm. When asked if anyone would hold it against Philpott if he decided not to testify, Oxford said, "I would like to hear from him, but that wouldn't keep me from ... [weighing all the other evidence]." He affirmatively stated that he would not hold it against Philpott if he decided not to testify. Given our standard of review, we hold that the circuit court did not abuse its discretion when it found that Oxford was sufficiently rehabilitated to serve on the jury.
Philpott also argues that the court's refusal to strike Oxford forced Philpott to testify when he otherwise would not have chosen to do so, which he argues violated his Fifth Amendment right to remain silent. Philpott did not preserve this argument below. He requested that Oxford be struck for cause but did not argue that the court's denial of that request would somehow violate his Fifth Amendment right not to testify. He later took the stand without raising the issue to the court. We will not consider arguments that are raised for the first time on appeal, and a party is bound on appeal by the nature and scope of the objections and arguments presented at trial. Lopez-Deleon v. State , 2014 Ark. App. 274, at 6-7, 434 S.W.3d 914, 918.
Philpott's second point on appeal is a challenge to the court's admission of testimony related to Philpott's history of destroying property when he is angry. Philpott argues that this evidence should have been excluded under the court's ruling on the motion in limine as it related to prior bad acts. However, the court's original ruling specifically dealt only with evidence of his former conviction for domestic battering, not his habit of destroying property, and Philpott failed to preserve a challenge to the destruction-of-property testimony as a separate issue from his prior conviction. When the State asked Philpott's former wife about instances when he had purposely destroyed property while angry with her, the defense objected, claiming that the court had already ruled on the motion in limine as to Philpott's "history with this specific witness." The State countered that the motion had dealt only with his prior battery, not property damage, and that it was not planning to elicit testimony regarding any prior acts of battery. The defense made no further argument that the testimony should be excluded. As such, the court never had an opportunity to rule on Philpott's current argument that the testimony regarding his history of property damage was inadmissible under Rule 404(b). We do not reach the merits of this point because he failed to preserve this issue for appellate review. Lopez-Deleon , 2014 Ark. App. 274, at 6-7, 434 S.W.3d at 918.
Affirmed.
Klappenbach and Whiteaker, JJ., agree.