Cite as 2020 Ark. App. 224

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-897

| | |
|---|---|
| ERIC JEROME LACY **APPELLANT** <br><br> V. <br><br> STATE OF ARKANSAS **APPELLEE** | **Opinion Delivered:** April 8, 2020 <br><br> APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-18-215] <br><br> HONORABLE ROBIN J. CARROLL, JUDGE <br><br> AFFIRMED |

## MIKE MURPHY, Judge

Eric Lacy was convicted by a jury in the Union County Circuit Court of rape as a habitual offender and sentenced to fifty years' imprisonment in the Arkansas Department of Correction. Lacy appeals his conviction, arguing that the court erred when it failed to grant his motion to strike a juror for cause and when it overruled his hearsay objections. We affirm.

Lacy does not challenge the sufficiency of the evidence, so only a brief recitation of the facts is necessary. In a felony information filed May 9, 2018, Lacy was charged as a habitual offender with the rape of a minor under the age of fourteen. At a jury trial held in July 2019, the State presented evidence that the eleven-year-old victim had been raped and impregnated by her stepfather, Lacy. Her mother discovered the pregnancy when the victim complained of a stomachache, and an ultrasound revealed she was twenty-four weeks pregnant. The victim traveled to a clinic in New Mexico with her mother, and an abortion

was performed. The tissue from the fetus was delivered to the Arkansas State Crime Laboratory where a DNA test showed the likelihood of Lacy's paternity of the fetus to be 99.99 percent. A jury found Lacy guilty, and he was sentenced to fifty years' imprisonment. This appeal followed.

Lacy first argues that the circuit court abused its discretion by denying his motion to strike juror Billings for cause. The decision to excuse a juror for cause rests within the sound discretion of the circuit court and will not be reversed absent an abuse of discretion. *Philpott v. State*, 2019 Ark. App. 314, at 2–3, 577 S.W.3d 754, 756. Persons comprising the venire are presumed to be unbiased and qualified to serve. *Id.*

During voir dire, Billings stated,

I'd just like to say, what I read in the paper and what I'm hearing, the only way I would be impartial, if the witness herself got up there and said that he didn't do it. Because I'm I've got a thing about messing with kids and old people. I really go hard on that. So that's the only way I would be impartial. If the young lady got up there and said that he didn't do this. I'm just being honest.

Later, once Billings was selected from the jury pool, Lacy moved to strike him based on his statement implying that he could not be impartial. At this point, however, Lacy had already exhausted all of his peremptory strikes, but he still asked the court to excuse Billings. The circuit court gave the State an opportunity to inquire of Billings further, and the following colloquy occurred:

PROSECUTOR: Mr. Billings, as we sit here today we -- we haven't heard any facts or evidence or anything; okay? And so I'm gonna ask you, can you sit, listen to all of the evidence and then make a judgement or [conclusion] at end after you've heard all the testimony, all the evidence and judge fairly based on the evidence that is presented to you?

BILLINGS: Yes.

PROSECUTOR: Okay. And you don't think that you can't sit and listen and hear the testimony? You think you can do that? Wait till the conclusion to form any opinions in this matter or to form any kind of judgement?

BILLINGS: Yes.

PROSECUTOR: Okay. And that's all that we're here today -- is the state asking you to do. And you can do that fairly and impartially; is that correct?

BILLINGS: Yes.

PROSECUTOR: Okay. Pass to the defense.

THE COURT: Mr. Lacy. Do you want to ask more questions?

LACY: No, sir, your Honor.

At the conclusion of voir dire, the court further inquired whether the jury was acceptable to both the State and Lacy, and both answered affirmatively.

Lacy's argument is not preserved for appeal. Lacy neither renewed his objection at the conclusion of the State's rehabilitation of Billings nor asked any additional questions or made further argument. Additionally, Lacy did not raise any concern at the conclusion of voir dire or the empanelment of the jury. Therefore, Lacy has either failed to receive a ruling on his initial motion, or he withdrew his challenge; and we need not address his argument. *See Jackson v. State*, 375 Ark. 321, 333, 290 S.W.3d 574, 583.

Next, Lacy argues that the circuit court erred when it denied his hearsay objections to Sergeant Morrow's testimony. We review evidentiary rulings under an abuse-of–discretion standard, and we do not reverse absent a manifest abuse of that discretion and a showing of prejudice. *Jemison v. State*, 2019 Ark. App. 475, at 8, 588 S.W.3d 359, 365. Abuse of discretion is a high threshold that does not simply require error in the circuit

3

court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.*

Hearsay is a statement, other than one made by the declarant while testifying, offered to prove the truth of the matter asserted. Ark. R. Evid. 801. Hearsay is generally inadmissible, but such testimony is not prohibited by the hearsay rule if it is not offered for the truth of the matter asserted. *Bragg v. State*, 328 Ark. 613, 623, 946 S.W.2d 654, 660 (1997). We have held that a statement is not hearsay when it is offered to show the basis for a witness's actions. *Mondy v. State*, 2019 Ark. App. 290, at 4, 577 S.W.3d 460, 464.

On appeal, Lacy first asserts that the court erred in denying his objection to Sergeant Morrow's testimony that the victim told him she had been raped repeatedly. In response to the State's questioning about how he became involved in the case, Sergeant Morrow testified that he was notified that there was a juvenile at the hospital who had been raped. He explained that upon his arrival at the hospital, he met and interviewed the victim and her mother, and the victim stated that Lacy had raped her several times. Lacy objected, and the State argued that the statement was made to explain Sergeant Morrow's steps in his investigation and the reason why he took certain steps. The circuit court agreed with the State's reasoning and overruled the objection.

We need not decide whether there was any error in admitting the allegedly objectionable testimony because Lacy cannot demonstrate prejudice. As Lacy notes on appeal, Sergeant Morrow's testimony was not necessary because the victim had already testified that Lacy raped her multiple times and that she spoke to Sergeant Morrow about it. Additionally, Lacy had Sergeant Morrow's affidavit for a search warrant admitted into evidence, and it detailed that Lacy raped the victim multiple times. Evidence that is merely

cumulative or repetitious of other evidence admitted without objection cannot be claimed to be prejudicial. *Martinez v. State*, 2019 Ark. 85, at 6, 569 S.W.3d 333, 337. We hold that even had the testimony been admitted in error, it was cumulative and therefore not reversable error.

Finally, Lacy argues that the circuit court erred in denying his objection to Sergeant Morrow's testimony about the DNA results from the crime lab because he was not the expert who produced the DNA report. Sergeant Morrow testified that he received the DNA report from the crime lab and that it established Lacy as the father. The court overruled Lacy's objection finding that while Sergeant Morrow could not testify about the scientific methods used to collect the data, he could testify as to what the report said. The court also told Lacy that he would have a chance to cross-examine the expert who made the findings from the crime lab.

Again, Lacy cannot demonstrate how this testimony prejudiced him. Jennifer Beaty testified on behalf of the crime lab as an expert in the field of DNA testing. She testified to how she conducted the DNA test and that she found Lacy's probability of paternity to be 99.99 percent. The laboratory report was also admitted without objection through her testimony. As stated above, prejudice cannot be demonstrated when the objectionable evidence was merely cumulative to other evidence that was properly admitted. *Martinez*, 2019 Ark. 85, at 6, 569 S.W.3d at 337. Accordingly, we affirm.

Affirmed.

GLADWIN and SWITZER, JJ., agree.

*Andrew Best*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

5