Cite as 2021 Ark. App. 304

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR–20–691

| | | |
|---|---|---|
| | | **Opinion Delivered** June 2, 2021 |
| BRANDON S. FANNIN | | |
| | APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CR-18-928] |
| V. | | |
| | | HONORABLE WILLIAM M. PEARSON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

This no-merit appeal stems from the Pope County Circuit Court's revocation of appellant Brandon Fannin's probation. Pursuant to *Anders v. California*,[1] and Arkansas Supreme Court Rule 4–3(k), appellant's counsel has filed a motion to withdraw and a no-merit brief stating there are no meritorious grounds to support an appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal; he has declined to do so. From our review of the record and the brief presented, we find that counsel's brief is in compliance with the directives of *Anders* and Rule 4–3(k)(1) and that there are no issues of arguable merit to support an appeal. Accordingly, we affirm the revocation of appellant's probation and grant counsel's motion to withdraw.

---

[1]386 U.S. 738 (1967).

On March 25, 2019, appellant pleaded guilty to possession of a controlled substance, a Class D felony. He was sentenced as a habitual offender to eighteen months in the Arkansas Department of Correction with an additional thirty-six months' suspended imposition of sentence (SIS) subject to certain terms and conditions that were set out in writing and signed by appellant.

On May 12, 2020, the State filed an amended revocation petition alleging appellant violated the conditions of his SIS by failing to pay his financial obligations and failing to live a law-abiding life.[2] Following the October 5, 2020 revocation hearing, the circuit court revoked appellant's SIS and sentenced him to a term of ten years' incarceration. This appeal followed.

In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal.[3] The test is not whether there is any reversible error but whether an appeal would be wholly frivolous.[4] Counsel's brief must contain a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.[5] Here counsel's brief addresses

---

[2]The State filed an initial revocation petition on March 12, 2020; however, the initial petition reflected both an incorrect conviction for residential burglary and an inaccurate sentencing date.

[3]*Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92.

[4]*Id.*

[5]*Id.*

three adverse rulings: appellant's objection to testimony as hearsay, appellant's objection to the State's introduction of evidence of his recent arrest, and the circuit court's decision to revoke appellant's SIS. Counsel asserts that these are the only three rulings adverse to appellant, none which provide meritorious grounds for appeal. We agree.

We review evidentiary rulings under an abuse-of-discretion standard and will not reverse absent an abuse of that discretion and a showing of prejudice.[6] During the revocation hearing, appellant objected, on the basis of hearsay, to Officer Logan Lichty's response to the following questioning on direct examination:

> STATE: Okay. Now were you able to contact dispatch to get any information about Fannin?
>
> LICHTY: Yes, but it was after the detention.
>
> STATE: Sure. But what did you learn from dispatch?
>
> LICHTY: I was advised by the Pope County dispatch that he was a ––
>
> APPELLANT: I'm going to object, Your Honor. Hearsay.

The court overruled the objection on grounds that Officer Lichty was not offering the testimony for the truth of the matter asserted but to explain what actions were taken as a result of the information provided by dispatch.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.[7] Hearsay is generally inadmissible, but such testimony is not prohibited by the hearsay rule if it is not

---

[6]*Davis v. State*, 2018 Ark. App. 383, 555 S.W.3d 892.

[7]Ark. R. Evid. 801(c).

offered for the truth of the matter asserted.[8]  Additionally, an out-of-court statement is not hearsay if it is offered to show the basis of a person's actions.[9]  Because the circuit court found that Officer Lichty's testimony was offered to show the basis of his actions, we agree that this adverse ruling would not provide a meritorious basis for an appeal.

Appellant's counsel next addresses an objection made after the parties rested.  The State attempted to inform the court of appellant's arrest the prior day on new charges, which were not the basis of the revocation petition.  Appellant's counsel objected; however, the court did not rule on the objection.  To preserve an issue for appeal, appellant must obtain a ruling on the objection.[10]  Appellant's failure to obtain a ruling precludes appellate review; therefore, it cannot provide meritorious grounds for appeal.

To revoke a suspended sentence, the State must prove by a preponderance of the evidence that the defendant violated a condition of the suspended sentence.[11]  The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions.[12]  We will not reverse a circuit court's revocation decision unless it is clearly against the preponderance of the evidence.[13]  Because the determination of a

---

[8]*Lacy v. State*, 2020 Ark. App. 224, 599 S.W.3d 661.

[9]*McKenzie v. State*, 69 Ark. App. 186, 12 S.W.3d 250 (2000).

[10]*Ashley v. State*, 358 Ark. 414, 191 S.W.3d 520 (2004).

[11]*Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274.

[12]*Id.*

[13]*Id.*

preponderance of the evidence turns of questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position.[14]

Here, in the revocation petition the State alleged that appellant failed to live a law-abiding life by committing a new criminal offense. In support of the allegation, at the revocation hearing, the State introduced, without objection, a sentencing order filed in Faulkner County on August 18, 2020, wherein appellant was convicted of possession of drug paraphernalia, a Class D felony, for an offense committed on February 26, 2020. Appellant offered no contradictory testimony or evidence to dispute the State's proof of his new criminal conviction. As such, we hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation of appellant's suspended sentence.

Having examined the entire record, we hold that counsel has complied with *Anders* and Rule 4–3(k) and that there is no merit to an appeal.

Affirmed; motion to withdraw granted.

GLADWIN and VAUGHT, JJ., agree.

*Samuel F. Eastman*, for appellant.

One brief only.

---

[14]*Id.*