Cite as 2023 Ark. App. 390

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-22-744

| | |
|---|---|
| ELDAVIONS B. HOLLIMAN | Opinion Delivered September 20, 2023 |
| APPELLANT | |
| V. | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NOS. 18CR-10-501; 18CR-10-1101] |
| STATE OF ARKANSAS | HONORABLE TONYA M. ALEXANDER, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## ROBERT J. GLADWIN, Judge

This is an appeal from a Crittenden County Circuit Court's order revoking appellant Eldavions Holliman's (Holliman's) probation and sentencing him to ten years' imprisonment followed by a ten-year suspended imposition of sentence, to run concurrently. Holliman argues that the circuit court erred in revoking his probation because it allowed testimony that was not relevant to any issue at the revocation hearing. We affirm.

## I. *Background Facts*

In 2011, Holliman entered a negotiated guilty plea to the sale or delivery of a controlled substance in two cases, Crittenden County Circuit Court cases Nos. 18CR-10-501 and 18CR-10-1101. He received 120 months' probation on both counts. Among the conditions of his probation, Holliman was to live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law.

On August 23, 2019, the State filed petitions to revoke Holliman's probation, alleging that he committed the new offense of rape. The circuit court held a hearing on the revocation petitions on June 3, 2022. At the hearing, the State presented testimony from the victim of the alleged rape wherein she provided dates and details of the various incidents. Specifically, the minor victim testified that the first account took place in December 2017, and Holliman made her take off her clothes and "give him oral sex." She further testified that it happened again in 2018, that Holliman had been drinking, and he made her take her clothes off, started touching her, and then "made [her] give him oral sex again." The victim was twelve years old at the time of the first alleged rape. She continued by describing the details of another account in which Holliman forced her to undress and perform oral sex.

During cross-examination of a State witness—the minor victim's maternal aunt—defense counsel asked about her reasons for believing the child's allegations, and the witness testified, "And then the situation of [Holliman] letting us know that he went through the same thing with his dad, I do believe that." On redirect examination, the State asked the same witness for clarification regarding her response:

STATE:      You said something that I hadn't heard before. He told you, Mr. Holliman had a conversation with you where he said that he was sexually abused?

WITNESS:    Yes. Me and his brother used to date and he told me and my sister that his dad used to make him have sex with his sisters.

Defense counsel objected, arguing that the testimony was not relevant to whether Holliman had violated the conditions of his probation. However, the State maintained that because

2

defense counsel had elicited such response, it was entitled to redirect the witness on the testimony. The circuit court overruled the objection conditioned upon the witness's testifying only to what she heard and instructed the State to "move on." The State excused the witness and rested its case.

Defense counsel continued the line of questioning with a different witness—Holliman's girlfriend—asking whether Holliman had ever mentioned being "sexually abused in the past." Furthermore, during Holliman's testimony, his counsel asked whether he had ever been sexually assaulted as a child, to which Holliman replied no.

At the conclusion of the hearing, the circuit court held that the State proved by a preponderance of the evidence that Holliman had violated the terms and conditions of his probation by committing the acts of sexual assault against the minor victim on at least one occasion. The court based its ruling primarily on the testimony of the victim, whom it found to be truthful in her account of the events. Holliman was sentenced to ten years in the Arkansas Division of Correction in case No. 18CR-10-501, with a concurrent ten-year suspended imposition of sentence in case No. 18CR-10-1101. He filed a timely notice of appeal of both revocations. This appeal followed.

## II. *Standard of Review*

The State must prove by a preponderance of the evidence that a defendant inexcusably failed to comply with a condition of his or her probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2023). A circuit court's decision to revoke probation will be upheld on

appeal unless the decision is clearly against the preponderance of the evidence. *Bohannon v. State*, 2014 Ark. App. 434, 439 S.W.3d 735.

Furthermore, this court reviews evidentiary rulings under an abuse-of-discretion standard and will not reverse absent an abuse of that discretion and a showing of prejudice. *Fannin v. State*, 2021 Ark. App. 304, 624 S.W.3d 727.

## III. *Discussion*

On appeal, Holliman does not dispute the sufficiency of the evidence supporting the revocations of his probation. Rather, he contends that the witness testimony regarding allegations of prior sexual abuse upon Holliman was not relevant to any issue at the revocation hearing; and moreover, that such evidence does not fall under the "pedophile exception," which allows the State to introduce evidence of a defendant's prior bad acts with the same or other children.

Regarding relevance, Holliman correctly acknowledges that the rules of evidence do not apply in revocation hearings. *See* Ark. R. Evid. 1101(b)(3). Arkansas Code Annotated section 16-93-307(c)(2) (Repl. 2016) states that a court "may permit the introduction of any relevant evidence of the alleged violation, including a letter, affidavit, and other documentary evidence, regardless of its admissibility under the rules governing the admission of evidence in a criminal trial." Even if the rules did apply, however, we find no abuse of discretion in the circuit court overruling Holliman's objection.

Holliman contends that the State elicited testimony from the witness; however, he failed to mention that it was defense counsel's cross-examination of the witness that opened

4

the door to further inquiry by the State. Inadmissible testimony may be offered when one party has opened the door for another party to offer it. *Sanford v. State*, 2019 Ark. App. 10, 567 S.W.3d 553. Here, defense counsel examined the minor victim's aunt about why she believes the allegations against Holliman, and the witness testified to Holliman's allegations of prior sexual abuse by his father. The circuit court then allowed the State, on redirect, to ask one question of the same witness to clarify her prior testimony. The State merely exercised its right to question a witness on a new matter brought out on cross-examination. Additionally, defense counsel developed the testimony by questioning a different witness as well as Holliman himself regarding the alleged past sexual abuse. Thus, we find no abuse of discretion.

IV. *Conclusion*

We find no abuse of discretion in the circuit court's overruling Holliman's objection to certain witness testimony; thus, both revocations are affirmed.

Affirmed.

BARRETT and HIXSON, JJ., agree.

*Bart Ziegenhorn*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.