Cite as 2024 Ark. App. 432

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-24-7

| | | |
|---|---|---|
| JAMES STUART | | Opinion Delivered September 18, 2024 |
| | APPELLANT | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57CR-19-200] |
| V. | | |
| | | HONORABLE ANDY RINER, JUDGE |
| STATE OF ARKANSAS | | AFFIRMED |
| | APPELLEE | |

**WENDY SCHOLTENS WOOD, Judge**

James Stuart appeals a Polk County Circuit Court's sentencing order revoking his probation and sentencing him to six years' imprisonment. On appeal, Stuart argues there is insufficient evidence to support the revocation. We affirm.

On January 13, 2020, Stuart pled guilty to possession of a controlled substance (methamphetamine) and possession of drug paraphernalia and was sentenced to forty-eight months' supervised probation. The probation order imposed conditions of Stuart's probation. Stuart acknowledged that he understood the conditions of probation and signed the probation order, which required in part that he

3. Report to the probation office on a regular schedule or at any time as directed by the probation officer.

. . . .

6. Work faithfully at suitable employment.

. . . .

9.      Submit [his] person, property, place of residence or vehicle to search . . . whenever requested to do so by the probation officer.

. . . .

12.     Undergo . . . drug alcohol treatment as directed by the probation officer.

. . . .

18.     Submit to random drug testing.

. . . .

24.     Pay a probation supervision fee of $35.00 per month[.]

On April 3, 2023, the State filed a petition for revocation alleging that Stuart violated the above conditions, and a revocation hearing took place on September 11. Mark Herndon, Stuart's probation officer, testified that Stuart had failed to report on January 9, 2023; February 6, 13, and 27; and the month of March. Herndon testified that Stuart did not maintain suitable employment. Stuart told Herndon he was receiving SSI disability but never provided proof. Herndon said that Stuart failed to keep him up to date on his place of residence, failed to show for meetings, did not call to say where he was or why he missed his meetings, and failed to report for his "SAPL" assessment or treatment classes.[1] Herndon had made several visits to Stuart's reported address, each time leaving a card instructing him to report within twenty-four hours, but Stuart failed to do so. As for drug testing, Herndon said

---

[1]Although "SAPL" is not defined in the record, the testimony of both Herndon and Stuart indicates that it relates to substance-abuse treatment.

that Stuart had not been drug tested as of March 30, 2023, because he did not report. Herndon testified that at the time of the hearing, Stuart had a $140 outstanding balance for supervision fees but noted that he had made a payment the previous week of $70 that had not yet posted to the account. Herndon testified that since the revocation petition had been filed, Stuart had reported a few times; rescheduled several times; and either missed the drug screens, admitted using drugs, or tested positive for illegal drugs. Herndon said that Stuart had admitted illegal-drug use at the past three office visits and that a test is not administered when there is an admission.

Stuart testified that he violated terms and conditions of his probation. He said that he failed to report because he had COVID-19. He stated that he attended only one SAPL class. Stuart also said that he was not employed but had been disabled since 2005, explaining that his bank statements would show that he receives disability. When asked whether he submitted to random drug tests, Stuart said he was never given one. Stuart testified that he paid his supervision fees but would "get behind sometimes." Stuart testified that he and his wife of thirty-seven years had separated and that he reported two addresses to Herndon, explaining that he was not hiding but was just "very busy." Stuart admitted receiving one card at his home instructing him to report on a Friday and said he reported on Monday. When Stuart was asked about why he did not attend substance-abuse treatment, he said it was a "long story." He explained that he did not have a ride and could not walk there due to his disability. Stuart admitted drug use the week before the hearing.

At the conclusion of the hearing, the circuit court revoked Stuart's probation and sentenced him to six years' imprisonment. This appeal followed.

To revoke a defendant's probation, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of probation. *McDougal v. State*, 2015 Ark. App. 212, at 4, 465 S.W.3d 863, 865. The State has the burden of proof but need only prove one violation. *Id.*, 465 S.W.3d at 865. We will not reverse the circuit court's decision to revoke unless it is clearly against a preponderance of the evidence. *Id.*, 465 S.W.3d at 865–66. When the determination of a preponderance of the evidence turns on questions of credibility and weight, we defer to the superior position of the circuit court to decide these matters. *Id.*, 465 S.W.3d at 866. Finally, only one violation is required to sustain a revocation. *Alexander v. State*, 2018 Ark. App. 466, at 4, 561 S.W.3d 744, 746.

On appeal, Stuart argues that the evidence is insufficient to support the revocation. We disagree. Stuart's probationary sentences were conditioned on his reporting to his probation officer as directed. Herndon testified that Stuart failed to report on multiple occasions in 2023–January 9; February 6, 13, and 27; and the month of March. Moreover, Stuart conceded at the hearing that he failed to report as directed.

Stuart argues that the State did not introduce evidence of a reporting schedule or that he was directed to report on these dates. However, these arguments ignore Herndon's testimony that he made several attempts at home visits and left a card with reporting instructions each time informing Stuart to report within twenty-four hours, but he failed to do so.

As stated previously, the circuit court was in the superior position to assess the credibility of the testimony. *McDougal*, *supra*. Although Stuart offered excuses for his failure to report, specifically that he had COVID-19 and received only one of Herndon's cards, the circuit court was not required to believe him or excuse his failure to comply with the conditions of his probation. *See, e.g.*, *Ingram v. State*, 2009 Ark. App. 729, at 7, 363 S.W.3d 6, 10. Therefore, we hold that the circuit court's decision to revoke Stuart's probation is not clearly against the preponderance of the evidence and affirm the revocation.

Affirmed.

BARRETT and HIXSON, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.