Cite as 2025 Ark. App. 126

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-24-414

| | | |
|---|---|---|
| HEATHER TRAVIS | | Opinion Delivered February 26, 2025 |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-17-45] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE STEPHEN L. SHIRRON, JUDGE |
| | APPELLEE | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

**WENDY SCHOLTENS WOOD, Judge**

Heather Travis appeals from a Hot Spring County Circuit Court sentencing order revoking her probation and sentencing her to 240 months' imprisonment.[1] On appeal, Travis challenges the sufficiency of the evidence to support the revocation. We remand to settle, if necessary, and supplement the record.

It appears as though Travis pleaded guilty in 2017 to a charge of Class B felony possession of a controlled substance and received 60 months' probation. It also appears that her probation was revoked in 2022 and that she received 48 months' probation. On February

---

[1]This is a companion case to another case, No. 30CR-17-138, in which Travis had been placed on probation. The circuit court held a combined revocation hearing in both cases but issued separate sentencing orders in each case revoking Travis's probation. Travis has filed separate appeals, and today we hand down opinions in both. *See Travis v. State*, 2025 Ark. App. 127.

27, 2024, the State filed an "Amended Petition to Revoke (3rd Amended)," which is where the record before us begins. Although the conditions of probation entered in regard to the 2022 revocation are in the record, the prior sentencing orders and petitions to revoke are not. We require the entire record to properly confirm our jurisdiction—to make sure that the circuit court had the authority to revoke or to determine whether there might be an illegal-sentence issue. Without the complete record, we cannot do so.

This court has stated that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted. *Cockrell v. State*, 2023 Ark. App. 430, at 4; Ark. R. App. P.–Civ. 6(e) (as made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)). Accordingly, we remand to the circuit court to settle the record, if necessary, and thereafter supplement the record with the omitted portions, including but not limited to pleadings and resulting court orders. Travis has thirty days from the date of this opinion to file a supplemental record with this court.

Remanded to settle and supplement the record.

KLAPPENBACH, C.J., and BARRETT, J., agree.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: A. *Evangeline Bacon*, Ass't Att'y Gen., for appellee.

2