Cite as 2025 Ark. App. 256

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-24-416

| | | |
|---|---|---|
| HEATHER TRAVIS | | Opinion Delivered April 23, 2025 |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-17-138] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE STEPHEN L. SHIRRON, JUDGE |
| | APPELLEE | AFFIRMED |

## WENDY SCHOLTENS WOOD, Judge

Heather Travis appeals from a Hot Spring County Circuit Court sentencing order revoking her probation and sentencing her to 120 months' imprisonment.[1] On appeal, Travis challenges the sufficiency of the evidence to support the revocation. We affirm.

On September 29, 2017, Travis pleaded guilty to five counts of forgery (Class C felonies) and received sixty months' probation. The State filed a petition to revoke on August 4, 2022. Travis pleaded guilty to the allegations and was sentenced to forty-eight months' probation pursuant to a sentencing order entered on December 19, 2022. The conditions

---

[1]This case returns following our opinion ordering supplementation of the record. See *Travis v. State*, 2025 Ark. App. 127. This is a companion case to another case, No. 30CR-17-45, in which Travis had been placed on probation. The circuit court held a combined revocation hearing in both cases but issued separate sentencing orders in each case revoking Travis's probation. Travis has filed separate appeals, and today we hand down opinions in both. *See Travis v. State*, 2025 Ark. App. 255.

of her probation required, in part, that she report to a probation officer as directed; maintain employment; obey all federal and state laws; not use alcohol or controlled substances; not associate with convicted felons, persons engaged in criminal activity, or other persons directed by the court or probation officer; and pay all fines, fees and restitution as directed. Under special conditions, there was an entry titled "Swift Court Handbook Rules" and the box was checked.[2]

On February 27, 2024, the State filed a petition to revoke. In addition to alleging that Travis had violated Swift Court conditions and handbook rules, the petition further alleged that Travis had violated the conditions of her probation by failing to report for drug-and-alcohol testing on multiple occasions; testing positive for alcohol; violating the law by failing to appear and pleading guilty to failure to appear, admitting using marijuana and testing positive for oxycodone; failing to maintain employment; associating with convicted felon Corey Rogers; failing to pay restitution; and failing to pay fines and fees as directed.

The circuit court held a hearing on the State's revocation petition on April 3, 2024. This hearing was combined with the revocation hearing in the companion case. The evidence presented at the revocation hearing has been detailed in our separate opinion in the companion case. Because the facts, issues on appeal, and arguments presented here are identical to those presented in the companion case, which is also handed down today, it is

---

[2]Swift Court is an involuntary eighteen-month multiphase intervention program for adults in the criminal-justice system at increased risk of reoffending.

unnecessary to restate them herein. On the basis of the reasoning set forth in the companion case, we affirm Travis's revocation.

Affirmed.

GLADWIN and THYER, JJ., agree.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.