Cite as 2025 Ark. App. 255

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-24-414

| | | |
|---|---|---|
| HEATHER TRAVIS | | Opinion Delivered April 23, 2025 |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-17-45] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE STEPHEN L. SHIRRON, JUDGE |
| | APPELLEE | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Heather Travis appeals from a Hot Spring County Circuit Court sentencing order revoking her probation and sentencing her to 240 months' imprisonment.[1] On appeal, Travis challenges the sufficiency of the evidence to support the revocation. We affirm.

On September 29, 2017, Travis was sentenced to sixty months' probation after she pleaded guilty to a Class B felony possession of a controlled substance. The State filed a petition to revoke her probation on August 4, 2022. Travis pleaded guilty to the allegations and was sentenced to forty-eight months' probation pursuant to a sentencing order entered

---

[1]This case returns following our opinion ordering supplementation of the record. *See Travis v. State*, 2025 Ark. App. 126. This is a companion case to another case, No. 30CR-17-138, in which Travis had been placed on probation. The circuit court held a combined revocation hearing in both cases but issued separate sentencing orders in each case revoking Travis's probation. Travis has filed separate appeals, and today we hand down opinions in both. *See Travis v. State*, 2025 Ark. App. 256.

on December 19, 2022. The conditions of her probation required, in part, that she report to a probation officer as directed; maintain employment; obey all federal and state laws; not use alcohol or controlled substances; not associate with convicted felons, persons engaged in criminal activity, or other persons directed by the court or probation officer; and pay all fines, fees, and restitution as directed. Under special conditions, there was an entry titled "Swift Court Handbook Rules" and the box was checked.[2]

On February 27, 2024, the State filed a petition to revoke Travis's probation. In addition to alleging that Travis had violated Swift Court conditions and handbook rules, the petition further alleged that Travis had violated the conditions of her probation by failing to report for drug-and-alcohol testing on multiple occasions; testing positive for alcohol; violating the law by failing to appear and pleading guilty to failure to appear; admitting marijuana use; testing positive for oxycodone; failing to maintain employment; associating with convicted felon Corey Rogers; failing to pay restitution; and failing to pay fines and fees as directed.

The circuit court held a hearing on the State's revocation petition on April 3, 2024. This hearing was combined with the revocation hearing in the companion case. Danny Marsh, probation agent and Swift Court officer, testified that Travis was placed in Swift Court when her probation was revoked in December 2022. The conditions of probation

---

[2]Swift Court is an involuntary eighteen-month multiphase intervention program for adults in the criminal-justice system at increased risk of reoffending.

signed by Travis were received into evidence. Agent Marsh testified that the conditions of probation were identical to the conditions in the companion case. He said that Travis acknowledged receipt of the Swift Court handbook, which was also admitted into evidence.

Agent Marsh testified that Travis failed to report for drug-and-alcohol testing on July 28, 2023. He explained that, as part of Swift Court, there was a "color line," and each day the probationer must call in to see if his or her color is called in to test. Agent Marsh said that Travis had reported on other days and tested positive: Travis was positive on March 6, 2023, for marijuana and admitted using "street weed"; she was positive on August 21, 2023, for alcohol and admitted use; and she was recently positive for oxycodone. He explained that Travis had been provided oxycodone by a hospital but did not clear it through Swift Court before taking the medicine. Agent Marsh said that Travis violated the condition that she not associate with convicted felons, explaining that she had been with Rogers, a convicted felon, on multiple occasions, including during a home visit and when Rogers was hospitalized. Agent Marsh said there had been numerous discussions with Travis about not associating with Rogers.

Regarding the condition that Travis maintain employment, Agent Marsh testified that although she had provided proof of one employer and claimed she had worked other jobs, her employment had not been steady. Agent Marsh said that Travis had been referred to drug treatment and had entered Harbor House but did not stay. She had been successful at Haven, having stayed twenty-eight days, and followed up at Hollow Creek but was

discharged for not following the rules. Agent Marsh also testified about Travis's multiple convictions, including several for failure to appear and another for contempt.

Probation agent Jennifer Starkey testified that she was with Agent Marsh during a home visit when Corey Rogers was present at Travis's home.

Teresa Pilcher of the circuit clerk's office testified that her office tracks restitution payments for felony cases and that Travis had made no payments on the restitution she was ordered to pay in 30CR-17-138 and had an outstanding $1010 balance.

Travis testified in her defense. In regard to Marsh's testimony that she failed to report on two occasions, she said that she had forgotten to call in one time and could not recall why she missed the other one. She testified that she consumed alcohol; she failed to appear because she was not notified of the court dates; she did not maintain steady employment due to her health issues; she associated with Rogers and had no excuse; and she did not pay any restitution but had recently paid her court fees. Travis said that the court should not revoke her probation because she is doing better, trying to get her life in order, and trying to get her child back. She said that she has lived in the same residence for a "little bit" and is now a part owner of a "company."

At the conclusion of the hearing, the circuit court found Travis in violation of the conditions of her probation. Specifically, the court found she had violated the conditions by failing to report, testing positive for alcohol and controlled substances, violating the law by failing to appear, failing to maintain gainful employment, associating with Rogers, failing to

pay restitution, and failing to pay fines and fees until just before the revocation hearing. This appeal followed.

To revoke a defendant's probation, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of probation. *McDougal v. State*, 2015 Ark. App. 212, at 4, 465 S.W.3d 863, 865. The State has the burden of proof but need only prove one violation. *Id.*, 465 S.W.3d at 865. We will not reverse the circuit court's decision to revoke unless it is clearly against a preponderance of the evidence. *Id.*, 465 S.W.3d at 865-66. When the determination of a preponderance of the evidence turns on questions of credibility and weight, we defer to the superior position of the circuit court to decide these matters. *Id.*, 465 S.W.3d at 866. Finally, only one violation is required to sustain a revocation. *Stuart v. State*, 2024 Ark. App. 432, at 4.

For her sole argument on appeal, Travis contends that the circuit court erred when it revoked her probation for failure to pay fines and fees. Here, the circuit court found that Travis committed multiple violations of her conditions of probation, but she argues only that the circuit court erred in revoking her probation for failure to pay fines and fees. When the circuit court bases its decision on alternate, independent grounds, as it did here, and the appellant challenges only one of those grounds, we will affirm without addressing the merits of any of the grounds. *Tilley v. State*, 2024 Ark. App. 19, at 3, 683 S.W.3d 200, 202. Because Travis does not challenge the circuit court's findings that she violated her probation by failing to report as directed, testing positive for alcohol and controlled substances, failing to

5

maintain employment, failing to comply with the laws by committing new crimes, failing to pay restitution, and associating with felons, we affirm.

Affirmed.

GLADWIN and THYER, JJ., agree.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.