Cite as 2025 Ark. App. 581

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-24-614

| | |
|---|---|
| REDDI PARKER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered December 3, 2025<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-23-434]<br><br>HONORABLE CHRIS THYER, JUDGE<br><br>AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Reddi Parker appeals from an order of the Craighead County Circuit Cout revoking his probation and sentencing him to twenty years' imprisonment followed by ten years' suspended imposition of sentence (SIS) for possession of a controlled substance with purpose to deliver and six years' imprisonment for first-degree endangering the welfare of a minor. Parker raises three points on appeal: (1) the circuit court erred in denying his motion for directed verdict because none of the items discovered at his residence were field-tested; (2) the State failed to present evidence that he failed to pay court costs; and (3) the circuit court abused its discretion by considering inadmissible evidence during the sentencing phase of trial. We affirm.

On January 8, 2024, Parker entered a negotiated guilty plea to possession of a controlled substance (methamphetamine) with purpose to deliver (Class A felony) and first-

degree endangering the welfare of a minor (Class D felony). The circuit court sentenced Parker to four years' probation. Parker was ordered to pay fines, fees, and costs in fifty-dollar installments beginning thirty days after his plea. The conditions of Parker's probation included requirements that he not commit a criminal offense punishable by imprisonment; that he not use, sell, distribute, or possess any controlled substance; and that he pay his costs, fines, and fees as directed. On May 16, the State filed a petition to revoke Parker's probation alleging that he "willfully violated one or more of conditions" of probation because

- [He had f]ailed to live a law-abiding life, to be of good behavior, and not violate any state, federal, or municipal laws.
- On or about 04/19/24, Parker was in possession of methamphetamine, LSD, Xanax, and drug paraphernalia.
- Parker has failed to pay court costs to the Craighead County Sheriff's Department and has a balance of $940.00[.]

A revocation hearing took place on June 24. Officer Chris Jefferson of the Jonesboro Police Department testified that he had been with the department for twelve years. During the last four years, Officer Jefferson was assigned to the drug task force and had spent three years with the street-crimes unit. Both assignments focused mainly on narcotics investigations. Officer Jefferson has over one hundred hours of training in narcotics investigations beyond the law-enforcement-academy training.

Officer Jefferson testified that he and Agent Jeremy Parnell were conducting surveillance of Parker's home on April 19 after receiving complaints of "heavy traffic" from "residents" of the Sage Meadows neighborhood. Both were familiar with Parker and knew he was on probation with a search waiver. They made contact with Parker when he was

2

entering a vehicle parked in his driveway. Agent Parnell made contact with Parker, and Officer Jefferson went inside and cleared the home. Parker's minor child and his girlfriend were both home at the time. Officer Jefferson found a "used glass methamphetamine pipe" in the garage. When he searched the car, Officer Jefferson found a backpack sitting behind the seat where Parker had been sitting. It contained several trading cards and sports memorabilia, which Parker was known to sell online. In the bottom compartment of the backpack, Officer Jefferson found two pill containers with over one hundred Xanax pills, over two grams of methamphetamine divided between two baggies, and three "tabs" of LSD.

From his training and experience, Officer Jefferson was able to identify the pills as Xanax because of the imprint on the pill, adding that he used "Google" to identify the number imprinted on the pill. Officer Jefferson acknowledged that Xanax is a prescription drug but said he did not find the pills in a bottle with a prescription for Parker or his child. Officer Jefferson did not believe the pills were for Parker's personal use because of the large quantity and the way in which they were stored.

Officer Jefferson further testified that he had seen methamphetamine before and said it is the most common controlled substance in Craighead County. He believed the substance found inside the backpack was methamphetamine because of its white crystal-like appearance and its packaging. He stated that the LSD he found, which he also identified on the basis of his experience, was a "tab"—a small piece of cardboard or paper with designs on the back that are torn off and placed on the tongue to dissolve.

Agent Jeremy Parnell testified that he has been with the Jonesboro Police Department for over twenty-five years. He had been assigned to the drug task force for the last seven years. Agent Parnell has approximately 240 hours of additional narcotics training. Agent Parnell agreed that they found both Xanax and LSD in Parker's backpack. He described the LSD as tiny stamps, similar to postage stamps.

Agent Parnell testified that after he read Parker his *Miranda* rights, Parker admitted that everything that was found belonged to him. Agent Parnell said that the items found were not field-tested because there were lots of cars driving through, and they wanted to get out of the neighborhood as soon as they could. He also stated that the items were not sent to the crime laboratory for testing.

At the close of the evidence, Parker moved for a directed verdict on the basis that the State failed to establish that the items were illegal drugs because they were not field-tested. The circuit court denied the motion and found that Parker violated the terms and conditions of his probation, finding by a preponderance of the evidence that the items found were drugs. The circuit court placed significant importance on Parker's "claiming ownership of all of that and claiming that they were drugs." The court sentenced Parker to twenty years' imprisonment for the possession conviction followed by ten years' SIS and six years' imprisonment on the endangerment conviction. This appeal followed.

To revoke a defendant's probation, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of probation. *Travis v. State*, 2025 Ark. App. 255, at 5. The State has the burden of proof but need only prove one

4

violation. *Id.* We will not reverse the circuit court's decision to revoke unless it is clearly against a preponderance of the evidence. *Id.* When the determination of a preponderance of the evidence turns on questions of credibility and weight, we defer to the superior position of the circuit court to decide these matters. *Id.* The burden of proof in a revocation case—preponderance of the evidence—is lower than that required to convict in a criminal trial; thus, evidence that is insufficient for a conviction may be sufficient for a revocation. *Linton v. State*, 2025 Ark. App. 497, at 6.

Parker first argues that the circuit court erred in denying his motion for directed verdict because none of the items discovered at his residence were field-tested. Parker contends that Officer Jefferson's and Agent Parnell's identification of the items found in their search of Parker's garage and vehicle as Xanax, methamphetamine, and LSD is insufficient to support the revocation. Parker acknowledges that the State does not have to use chemical analysis to prove the identity of a controlled substance. *See Kellensworth v. State*, 2021 Ark. 5, at 4, 614 S.W.3d 804, 807. He recognizes that the supreme court in *Kellensworth* held that the testimony of the State's chemist was sufficient to provide proper identification of the pills at issue. He argues, however, that the testimony of a forensic chemist with over thirty years' experience is not the same as the officers' testimony in this case.

Lay testimony may provide substantial evidence of a controlled substance, even in the absence of expert chemical analysis. *Abernathy v. State*, 2024 Ark. App. 532, at 4, 699 S.W.3d 842, 845 (citing *Kellensworth*, 2021 Ark. 5, at 4, 614 S.W.3d at 807). In *Kellensworth*, the supreme court held that controlled substances should not be treated differently when they

5

are pills instead of marijuana, noting that the expert identified a pill (alprazolam) as a controlled substance by comparing the pill's imprint logo with a database. In affirming, the supreme court noted that the chemist's testimony that the drugs were oxycodone and hydrocodone was introduced without objection. Also, *Kellensworth* did not concern a probation revocation but rather a conviction following a trial on possession charges.

In *Abernathy*, the officer with seven years as a narcotics investigator testified that the marijuana smelled like "green marijuana . . . and that the suboxone was in Abernathy's wallet in an unopened package labeled 'suboxone.'" We stated that "[g]iven the low burden of proof in a revocation proceeding, Huntsman's experience as a narcotics investigator, and Huntsman's testimony identifying the substances as marijuana and suboxone, we hold that the evidence is sufficient in a revocation setting to support the finding that Abernathy violated a condition of his SIS." 2024 Ark. App 532, at 3, 699 S.W.3d at 845.

The appellant in *Doss v. State*, 2025 Ark. App. 411, also a revocation case, made an argument similar to the one Parker raises. Doss argued that the State presented insufficient evidence to substantiate the chemical composition of the alleged drugs, noting that the State did not provide a chemical analysis, and no witness from the crime laboratory testified. In that case a Jonesboro police officer testified that he found a bag in the back of his patrol car in which Doss had been transported that contained 216 ecstasy pills, 14 individual bags of methamphetamine, and 4.6 grams of cocaine. The officer "explained that he identified the drugs on the basis of his experience, the drugs' appearance and packaging, and Doss's

actions." *Doss*, 2025 Ark. App. 411, at 2. We held that the evidence was sufficient to support the revocation.

In this case, both Officer Jefferson and Agent Parnell had training and experience in narcotics. Officer Jefferson said that from his experience, he determined that some of the pills were Xanax by using Google to identify the number imprinted on the pill, adding that the large quantity and the way in which they were stored convinced him the pills were not for Parker's personal use. Officer Jefferson also testified that he was able to identify three LSD "tabs" by their appearance. He also had seen methamphetamine before because it was the most common controlled substance in Craighead County. The white crystal-like substance found and the way it was packaged in baggies led him to believe it was methamphetamine. Officer Parnell agreed that they found both Xanax and LSD.

Considering the burden of proof in a revocation case and both Officer Jefferson's and Agent Parnell's testimony and their narcotics experience, we hold that the evidence is sufficient to support the circuit court's finding that Parker violated a condition of his probation.

For his second point on appeal, Parker correctly argues the State failed to present evidence that he failed to pay court costs. However, the circuit court did not find that Parker violated this condition. Rather, the court found that he violated the condition that he not possess any controlled substance, and as discussed above, we affirm that finding. A circuit court may revoke a defendant's probation if it finds by a preponderance of the evidence that

the defendant inexcusably failed to comply with one of its conditions. *Travis*, 2025 Ark. App. 255, at 5.

Finally, Parker argues that the circuit court abused its discretion by considering "inadmissible evidence" during the sentencing phase of trial. Parker contends that the State, in arguing that Parker be sentenced to a term of imprisonment, referenced the many children in Parker's neighborhood. When defense counsel objected to the neighborhood "being brought into this" and stated that it does not matter where the residence is located, the State responded that it does matter because there is a "proximity enhancement, based on children." Although Parker's counsel objected, the court did not rule on the objection. To preserve an issue for appeal, an appellant must obtain a ruling on the objection. *Fannin v. State*, 2021 Ark. App. 304, at 4, 624 S.W.3d 727, 730.

Affirmed.

TUCKER and BROWN, JJ., agree.

*Nicole Gillum, Esquire, PLLC*, by: *Nicole C. Gillum*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.