Steve SWANIGAN *v.* STATE of Arkansas

CR 98-870                                    984 S.W.2d 799

Supreme Court of Arkansas
Opinion delivered February 4, 1999

*Wilson & Valley,* by: *E. Dion Wilson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kelly S. Terry,* Ass't Att'y Gen., for appellee.

W H."DUB" ARNOLD, Chief Justice. Appellant pleaded guilty in 1995 to two counts of delivery of cocaine, and the circuit court suspended imposition of his sentence on one of the counts for five years. In 1997, the court revoked appellant's suspended imposition of sentence and placed him on probation for five years. The conditions of appellant's probation required him to refrain from violating any state, federal, or municipal laws. The

State subsequently moved to revoke appellant's probation on the grounds that he was arrested for robbery and assault on October 7, 1997, and that during a search subsequent to that arrest, cocaine was found on his person.

The circuit court conducted a hearing on December 19, 1997, during which three rocks of crack cocaine were admitted into evidence. At the close of the hearing, the court found that there was insufficient evidence that appellant was involved in the robbery. However, the court then found that the information the officers had acted upon was sufficient to establish probable cause to arrest appellant and that both searches of appellant were proper. The court also found that the exclusionary rule does not apply to probation-revocation hearings and ruled that appellant had violated the terms of his probation by possessing cocaine. Consequently, the court revoked his probation and sentenced him to twenty years in the Arkansas Department of Correction.

On appeal, appellant alleges that the trial court improperly admitted evidence that was the product of an unreasonable search. Appellant asserts two points on appeal: first, appellant claims that the circuit court erred by not applying the exclusionary rule to the revocation proceeding and suppressing the cocaine found during the search of his person because the police did not have probable cause to stop and detain him for the October 7, 1997, robbery; second, appellant acknowledges the general rule that the exclusionary rule does not apply to revocation proceedings, but he argues that the general rule should not apply to his case because the police officers acted in bad faith.

Appellee asserts that appellant did not preserve his arguments for appellate review. Appellee submits that appellant did not move prior to the revocation hearing to suppress the cocaine, nor did he object when Officer Byrd testified that during his search of appellant he found a bag containing three rocks of crack cocaine in appellant's pocket. Additionally, appellee notes, appellant did not object when the cocaine was admitted into evidence and only objected and raised his exclusionary rule argument when the State had already presented evidence and rested its case. Therefore, appellee argues that this court is precluded from considering his

arguments that the cocaine should have been suppressed. We agree.

■ A party who does not object to the introduction of evidence at the first opportunity waives such an argument on appeal. *Marts II v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998), citing *Wilburn v. State*, 317 Ark. 73, 876 S.W.2d 555 (1994). The policy reason for this rule is that a trial court should be given an opportunity to correct any error early in the trial, perhaps before any prejudice occurs. *Id.*

Appellant failed to timely object at the hearing. First, appellant did not move to exclude the evidence prior to trial based on the exclusionary rule. The only pretrial motion appellant appears to have made was based upon probable cause to support the underlying charge for the petition for revocation of appellant's probation. This motion was argued before the court, but appellant argued neither the reasonableness of the search, nor whether the exclusionary rule should apply to probation-revocation hearings.

Second, he did not object at the hearing when, through the testimony of Officer Byrd, the State offered the cocaine for identification. The only objection appellant made when the State moved for the introduction of the cocaine concerned speculation regarding the chain of custody. Further, appellant even questioned Officer Byrd on cross-examination about finding the cocaine on appellant.

Finally, the State offered the cocaine into evidence through the testimony of Officer Thompson. At that time, the trial judge asked appellant if he had any objections to the cocaine being admitted, and appellant stated that he did not. The cocaine was then received into evidence.

■ It was not until his motion for directed verdict that appellant even hinted at an exclusionary rule argument, when he argued that the cocaine was the product of an unreasonable search. Finally, during closing arguments, the exclusionary rule argument was addressed; however, the trial court found that the rule did not apply to a probation-revocation hearing. Under these circum-

stances, appellant clearly failed to timely object to the introduction of the cocaine based on an exclusionary rule argument, thus failing to preserve his argument on appeal.

■ In sum, the merits of appellant's appeal need not be addressed because he did not properly preserve his arguments at the trial court level, and the trial court's ruling will, therefore, be affirmed.

BROWN and IMBER, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. I disagree that Swanigan's counsel waived his argument that the cocaine should be excluded as the product of an illegal search. I would reach the merits of this case.

The majority states that on appeal Swanigan asserts that the trial court erred in admitting the cocaine into evidence. Not true. What Swanigan argues is that because all of the proof presented by the prosecution showed the arrest was illegal, the cocaine should have been excluded from consideration. Here, it is clear that Swanigan's counsel did not raise an objection to the admission of the cocaine into evidence because he did not contest the fact that cocaine was found on Swanigan at the Blytheville Police Department. What he did contest was the propriety of arresting Swanigan in the first place and then searching him incident to what he contends was an illegal arrest. Under his theory, it is the illegal arrest that warrants the exclusion of the cocaine.

The majority describes Swanigan's motion as a motion for directed verdict. The trial court and defense counsel referred to it as a motion to dismiss because the revocation hearing was held before the judge and not a jury. Whatever the case, it was appropriate to make the motion after the prosecution had presented its proof about the arrest because it was necessary for all of the facts concerning the arrest to be presented before the motion was ripe and appropriate. To have made the motion in the middle of the prosecution's case would have been premature.

Our criminal rules describe when a motion for directed verdict for jury trials should be made. See Ark. R. Crim. P. 33.1. It is at the end of the prosecution's case and at the close of all of the

evidence. Nothing is said about requiring objections to physical evidence as a prerequisite to making the motion. Indeed, I am unaware of any caselaw making that requirement. The majority opinion certainly cites us to none.

This opinion unnecessarily muddies the water and confuses the law concerning motions for directed verdict and motions to dismiss as opposed to objections to specific physical evidence. I would refrain from finding a waiver in this case and address the merits. For that reason, I dissent.

IMBER, J., joins.