Amendment Six to the United States Constitution and Art. 2, § 10 of the Arkansas Constitution only assure an accused that he shall enjoy the right to be confronted with the witnesses against him. ....
These constitutional provisions are but a declaration of the common law rule and the constitutional guaranty is confined to those who are witnesses against the accused. They do not require that every witness who has knowledge of relevant facts testify. They do not guarantee the accused that a victim, accuser, complainant, complaining witness, or private prosecutor will be called as a witness or appear at the trial, and the establishment of the elements of the crime by the testimony of other witnesses does not constitute a variance from an indictment naming the victim. ....
... These constitutional provisions do not apply when no testimony, prior statement or utterance of the victim is brought to the attention of the trier of fact, or is offered by the state, or when the accused has been given the right to cross-examine every person whose testimony or statements have been used to prove the elements of the crime with which he is charged.
Hoover v. State , 262 Ark. 856, 866-67, 562 S.W.2d 55, 60-61 (1978) (emphasis in original) (internal citations omitted).
Here, the case against appellant was made by the two witnesses who actually testified together with the video of the attack; no hearsay evidence was offered. Appellant was allowed to confront and cross-examine all of the witnesses who provided evidence against him, and thus there was no violation of his right to confrontation.
Affirmed.
Gruber, C.J., and Glover and Murphy, JJ., agree.
Whiteaker and Hixson, JJ., concur in part and dissent in part.