Cite as 2021 Ark. App. 49

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-20-276

| | |
|---|---|
| DEUNDREA MATHIS<br><br>APPELLANT | **Opinion Delivered:** February 3, 2021<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JCR-11-1078] |
| V. | |
| STATE OF ARKANSAS<br><br>APPELLEE | HONORABLE RANDY F. PHILHOURS, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Deundrea Mathis appeals the order of the Craighead County Circuit Court revoking his suspended imposition of sentence (SIS). On appeal, Mathis argues that there was insufficient evidence to support the revocation decision. We find no error and affirm.

Mathis entered a plea of guilty to, and was found guilty of, theft by receiving in March 2012.[1] He was sentenced to 120 days in the county jail and five years' probation. His probation was subject to certain conditions. In May 2013, the State filed a petition to revoke Mathis's probation, alleging that he had violated the conditions of his probation. Mathis pled guilty to the revocation petition in March 2014 and was sentenced to eighteen months in a regional correctional facility with an additional five years' SIS. His SIS required that he

---

[1]In addition to the theft by receiving, he was also charged with two counts of fleeing and one count of reckless driving; these charges were nolle prossed.

not commit a criminal offense punishable by imprisonment and not own or possess any firearms.

In June 2019, the State filed a petition to revoke Mathis's SIS, alleging that he had committed numerous criminal offenses, including simultaneous possession of drugs and a firearm, possession of a controlled substance, possession of drug paraphernalia, theft by receiving, and being a felon in possession of a firearm. Mathis contested the allegations, and the circuit court conducted a revocation hearing.

At the revocation hearing, patrolman Victoria Evans of the Jonesboro Police Department testified that she was dispatched in response to a suspicious-persons call; at the scene, she found Mathis sitting in a blue car. While speaking with Mathis, she was advised by dispatch that Mathis was on parole. After learning this, Evans had Mathis step out of the vehicle and then performed a parole search of the car. Inside she found a baggie with suspected cocaine residue in the console and a rifle and a magazine containing ten rounds of ammunition in the floor of the back seat.

At the conclusion of the hearing, the circuit court found that Mathis had violated the terms and conditions of his SIS. The court revoked his SIS and sentenced him to eight years in the Arkansas Department of Correction. Mathis filed a timely notice of appeal, and he now argues on appeal that the evidence was insufficient to support the circuit court's decision.

To revoke a suspended sentence, the State must prove that the defendant violated a condition of the suspended sentence. *Von Holt v. State*, 2017 Ark. App. 314, 524 S.W.3d 19. The State does not have to prove every allegation in its petition, and proof of only one

2

violation is sufficient to sustain a revocation. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490. The State bears the burden of proving a violation by a preponderance of the evidence, but evidence that is insufficient for a criminal conviction may be sufficient for revocation of a suspended sentence. *Daniels v. State*, 2019 Ark. App. 473, at 2, 588 S.W.3d 116, 117. On appeal, we will affirm a circuit court's revocation of a suspended sentence unless the decision is clearly against the preponderance of the evidence. *Id.* Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. *Hazelwood v. State*, 2019 Ark. App. 270, at 3, 577 S.W.3d 39, 41.

Mathis argues that the revocation of his SIS is clearly against the preponderance of the evidence. He raises three primary points for reversal: (1) Officer Evans's parole search was invalid; (2) there was insufficient evidence tying him to the blue car or to its contents; and (3) the State failed to prove that he was a felon in possession of a firearm.

In his first subpoint, Mathis challenges the legality of the parole search. He argues that a parole search is reasonable only if the searching officer has a reasonable belief that the parolee has violated a condition of his parole. *See, e.g.*, *Cherry v. State*, 302 Ark. 462, 791 S.W.2d 354 (1990). Because Evans was only responding to a call about a suspicious vehicle and did not observe Mathis do anything that would give rise to a reasonable belief that he had violated a condition of his parole, Mathis argues that her search of the blue car was unreasonable and invalid, and the rifle seized from the back seat should therefore have been suppressed.

We do not reach the merits of this argument, however, as it is not preserved for appellate review. At the revocation hearing, Mathis did not object to the validity of the parole search or to the introduction of the rifle, nor did he move to suppress the rifle on the basis that the search was invalid. In fact, Mathis made only one objection regarding the interaction between Evans and himself. He argued that any statement he made to Evans should be suppressed because he was in custody at the time. He did not mention the search or the rifle. Indeed, when the State moved to introduce the rifle, Mathis stated, "No objection."

Our supreme court has held that a party who does not object to the introduction of evidence at the first opportunity waives such an argument on appeal. *Swanigan v. State*, 336 Ark. 285, 287, 984 S.W.2d 799, 800 (1999). In *Swanigan*, the State moved to revoke Swanigan's SIS on the grounds that, among other things, he was found in possession of cocaine. Although Swanigan argued on appeal that the circuit court should have suppressed the cocaine because it was the product of an unreasonable search, the supreme court declined to consider his argument because he neither moved to exclude the evidence before the hearing on the basis of the exclusionary rule, nor did he object at the revocation hearing when the State offered the cocaine for introduction. We conclude that *Swanigan* is controlling. Accordingly, Mathis's argument that the rifle should have been suppressed as the result of an invalid search is not preserved for our review.

In his second subpoint, Mathis argues that even if the search of the blue car were legal, there was insufficient evidence to tie him to the vehicle or its contents—i.e., the rifle—and there was therefore insufficient evidence to revoke his SIS. Because his argument

4

focuses on inconsistencies in Evans's testimony, we set out her testimony in more depth here.

In her direct testimony, Evans stated that she was dispatched to a suspicious-person call at an apartment complex in Jonesboro. When she responded to the complex, she saw a male subject sitting in a blue vehicle. She approached and asked him why he was in the area, and he replied that he was waiting on a friend. After obtaining Mathis's identity, Evans contacted dispatch again and learned that he was on parole, so she asked him to step out of the car while she did a parole search on the vehicle. During that search, she found a clear baggie containing a rolled-up dollar bill and suspected cocaine residue in the center console. After putting the baggie in an evidence folder, Evans resumed her search. In the back seat of the car, under a silver windshield shade, she found a rifle along with a magazine containing ten rounds of ammunition. When asked why she believed the car belonged to Mathis, Evans replied that she "ran the tag and it returned to him." Mathis was the sole occupant of the vehicle at the time of the search.

On cross-examination, Evans was questioned by defense counsel about the dash-cam video from her patrol unit. Evans admitted that the video reflects she was "talking to somebody that's out of the vehicle," but she explained that Mathis was "getting out of the blue vehicle when [she] pulled up" and reiterated that she "saw the subject sitting in the vehicle." Evans was also questioned by defense counsel concerning her police report. She conceded that her written report did not reflect that the suspect was in the blue vehicle but simply stated that contact was made with a suspect matching the description of the suspicious-person report.

5

Testifying in his own behalf, Mathis denied that he was ever in a blue car and had just walked up on the scene of the "crime" at the wrong time. Mathis could be heard in the dash-cam video, however, saying that he was "sitting in my car listening to my radio" when Evans approached him.

On appeal, Mathis argues that Officer Evans's testimony should not be sufficient to support the revocation of his SIS because her statement on direct that Mathis was in the car conflicted with her testimony on cross-examination, the dash-cam video, and her police report. These inconsistencies, he asserts, should not "suffice to prove anything by a preponderance of the evidence."

Our supreme court and this court, however, have held that variances and discrepancies in the proof go to the weight and credibility of the evidence. *Porter v. State*, 356 Ark. 17, 145 S.W.3d 376 (2004); *Knotts v. State*, 2012 Ark. App. 121. It is the duty of the trier of fact—the circuit court in this instance—to resolve any contradictions, conflicts, and inconsistencies in a witness's testimony and to determine the credibility of the witnesses. *Jones v. State*, 2012 Ark. App. 69, 388 S.W.3d 503. The circuit court clearly found Officer Evans's testimony credible, and we are not at liberty to disturb that conclusion. *See Ferry v. State*, 2021 Ark. App. 34; *Collins v. State*, 2014 Ark. App. 574, 446 S.W.3d 199.

Finally, Mathis argues that the circuit court revoked his SIS because it found that he was in possession of a firearm. He contends that because possessing a firearm is not in and of itself illegal, and because the State failed to introduce a sentencing order from any prior felony, the State failed to prove that he was a felon in possession of a firearm. We disagree.

At the beginning of the revocation hearing, the circuit court took judicial notice of its file reflecting Mathis's guilty plea and conviction of theft by receiving. A court may take judicial notice of its own record in the same case file. *Gray v. State*, 2010 Ark. App. 159, at 5 ("[W]hile it is true that courts cannot take judicial notice of their own records in other cases pending therein . . . it is, nevertheless, true that a court does take judicial notice of pleadings upon which it has passed judgment and of those judgments in the particular case then under consideration." (quoting *Parker v. Sims*, 185 Ark. 1111, 51 S.W.2d 517 (1932))). Because the court judicially noticed Mathis's previous guilty plea to a felony, it had evidence that Mathis was a felon because the law of judicial notice is a part of the law of evidence. *See* Ark. R. Evid. 201; *St. Joseph's Mercy Med. Ctr. v. Redmond*, 2012 Ark. App. 7, 388 S.W.3d 45. There is therefore no merit to Mathis's argument.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.