Cite as 2021 Ark. App. 265

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-20-572

| | |
|---|---|
| ALVIN EUGENE YARBERRY | **Opinion Delivered** May 26, 2021 |
| APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-18-631] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE GRISHAM A. PHILLIPS, JUDGE |
| | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Alvin Yarberry appeals the revocation of his probation by the Saline County Circuit Court. Yarberry was charged with felony nonsupport and entered a negotiated plea of guilty in March 2019, and he was placed on fifteen years' probation. Conditions of his probation included paying restitution of $27,157.08 at a rate of $155 a month and paying his current child-support obligation of $136 a week. In August 2019, the State filed a petition to revoke his probation alleging that Yarberry was in arrears on his restitution payments as well as his current child-support obligation. After a hearing in June 2020, the circuit court revoked Yarberry's probation and sentenced him to five years in prison. On appeal, Yarberry argues that the circuit court erred in sentencing him to five years in prison because it was, in effect, sentencing him to debtor's prison. Yarberry's argument is not preserved for appellate review; therefore, we affirm.

A circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if, by a preponderance of the evidence, it finds that the defendant has inexcusably failed to comply with a condition of his probation. *Kidwell v. State*, 2017 Ark. App. 4, 511 S.W.3d 341. The State has the burden of proving a condition of probation has been violated, and proof of only one violation must be shown to sustain a revocation. *Baney v. State*, 2017 Ark. App. 20, 510 S.W.3d 799. The circuit court's findings are affirmed on appellate review unless they are clearly against the preponderance of the evidence. *Clark v. State*, 2019 Ark. App. 362, 584 S.W.3d 680. The appellate courts defer to the circuit court's superior position to determine credibility and the weight to be accorded any testimony. *Kidwell*, *supra*.

Yarberry does not challenge the sufficiency of the evidence supporting the revocation of his probation. Evidence was presented at the hearing that he owed almost $35,000 in back child support for his two minor children in the present case; he was paying back child support for a twenty-year-old child in Pulaski County; and he has three minor children with his current wife, from whom he was in the process of obtaining a divorce. His sole argument on appeal is that the circuit court erred in sentencing him to five years in prison because such a sentence subjected him to debtor's prison. Yarberry claims that such imprisonment in a debtor's prison violates article 2, section 16, of the Arkansas Constitution, which provides, "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud." We are unable to address Yarberry's argument because he failed to raise it in the circuit court. It is well settled that even constitutional issues may not be raised for the first time on appeal. *Montgomery v. State*, 2019 Ark. App.

376, 586 S.W.3d 188. However, we note that Yarberry was not imprisoned for debt in a civil action—he was imprisoned for violating Arkansas Code Annotated section 5-26-401, the criminal statute for nonsupport.

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III* and *Vicram Rajgiri*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appell