Cite as 2023 Ark. App. 471

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-23-204

| | | |
|---|---|---|
| OLAJIDE RODDY | | Opinion Delivered October 25, 2023 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-18-1406] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHRIS THYER, JUDGE |
| | APPELLEE | AFFIRMED |

## RITA W. GRUBER, Judge

Olajide Roddy appeals a Craighead County Circuit Court order revoking his suspended imposition of sentence (SIS) and sentencing him to fifty-four months' imprisonment.[1] On appeal, he claims that the circuit court erred when it denied his motion for directed verdict because there was insufficient evidence that he was in constructive or actual possession of the contraband. We affirm.

To revoke an SIS or probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the SIS or probation.

---

[1]This is a companion case to two other criminal cases: No. 16JCR-21-23, in which Roddy was placed on probation; and No. 16JCR-18-882, in which Roddy was given a suspended imposition of sentence. The circuit court held a combined revocation hearing in the three cases but issued three separate sentencing orders. Roddy filed separate appeals, and today, we hand down opinions in all three appeals. *See Roddy v. State*, 2023 Ark. App. 472; *Roddy v. State*, 2023 Ark. App. 466.

*Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490. The State's burden of proof in a revocation proceeding is lower than that required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Id.* Furthermore, the State does not have to prove every allegation in its petition, and proof of only one violation is sufficient to sustain a revocation. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274. On appellate review, we uphold the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. *Burgess v. State*, 2021 Ark. App. 54.

On December 20, 2018, Roddy pled guilty to felony possession of methamphetamine and misdemeanor battery, for which he was sentenced as a habitual offender to a total of thirty months' imprisonment, followed by sixty months' SIS, subject to certain terms and conditions. As part of the terms and conditions of his SIS, he was prohibited from committing a criminal offense punishable by imprisonment; possessing any controlled substance or associating with any person who is participating in or is known to participate in the illegal use, sale, distribution, or possession of controlled substances or be present in places where such persons congregate; and associating with persons who have been convicted of felonies and persons who are engaged in criminal activity. Roddy acknowledged receipt of the terms and conditions, as evidenced by his signature.

On October 3, the State filed a supplemental petition to revoke (PTR), alleging that Roddy had violated the terms and conditions of his SIS by failing to live a law-abiding life,

to be of good behavior, and to not violate any federal, state, or municipal laws because on July 3, 2021, he was found to be in possession of methamphetamine; on July 13, 2021, he was found to be in possession of a glass pipe and methamphetamine and was associating with another person on felony probation; on January 17, 2022, he was in possession of a syringe loaded with methamphetamine and a baggie of methamphetamine; on or about June 15, 2022, he was in possession of syringes as well as an uncapped syringe loaded with methamphetamine; and on May 31, 2022, he was in possession of a syringe loaded with methamphetamine.[2]

The circuit court held a hearing on the October 3 PTR on October 7, 2022. At the hearing, the circuit court took notice of the terms and conditions of Roddy's SIS and the relevant sentencing order. The State called four witnesses: two officers with the Jonesboro Police Department (JPD) who testified about the May 2022 incident, a JPD officer who testified about the June 2022 incident, and JPD Officer Cody Howard, who testified about the July 2021 incident. When multiple offenses are alleged as justification for revocation, the circuit court's finding that revocation is justified must be affirmed if the evidence is sufficient to establish that the appellant committed any one of the offenses. *Williams v. State*, 2015 Ark. App. 245, 459 S.W.3d 814. Accordingly, while the four officers testified about three separate incidents involving Roddy, we recite the specifics of only Officer Howard's testimony.

---

[2]The State initially filed a PTR on February 15, 2022; an amended PTR on February 16; a supplemental amended PTR on July 18; and a supplemental amended PTR on July 26.

Officer Howard testified that on July 13, 2021, he was dispatched to the Scottish Inn Hotel, and upon arrival, Howard and another JPD officer made contact with Roddy outside of room 136, which was rented to Patsy Thomas. Howard explained that he did some research and learned that there were several incidents in which Thomas was "arrested for narcotics-related traffic and arrested with . . . Roddy" and that both she and Roddy were on "active supervision" and had a "search waiver" on file. Howard relayed that he saw Thomas inside the room and had her come outside. Howard testified that while he searched Thomas, the other officer searched Roddy and discovered a long glass pipe known to be used for smoking methamphetamine on Roddy's person. Howard testified further that the room was searched, and several loose syringe caps, a bag of marijuana, and a bag of suspected methamphetamine were found. Howard explained that the methamphetamine was sent to the crime lab for analysis, and the crime lab test result, which was entered into evidence, showed that the substance inside the bag was methamphetamine. Howard also testified that while Thomas and Roddy both initially denied that the drugs were theirs, when Howard told Thomas and Roddy that they were both going to be taken into custody for charges, Roddy claimed the drugs. Roddy was taken into custody and charged with possession of methamphetamine, marijuana, and drug paraphernalia. Howard was not cross-examined, and the State rested.

Roddy called no witnesses, rested, and then moved for directed verdict, arguing that the State had not proved by a preponderance of the evidence that Roddy was guilty of the charges because there were two people present at each incident about which an officer

testified. The circuit court denied the motion, finding that Roddy had inexcusably violated the terms and conditions of his SIS. Roddy's SIS was revoked, and he was sentenced to serve fifty-four months' imprisonment. This appeal followed.

Roddy challenges the sufficiency of the evidence on appeal. Specifically, he argues that because there were "multiple players to whom the drugs could have belonged in each of the dwellings/hotel rooms in which an arrest was made," there was insufficient evidence to revoke his SIS. However, Officer Howard's unchallenged testimony was that he participated in the search of a hotel room that Roddy was seen directly outside of, in which several loose syringe caps, a bag of marijuana, and a bag of methamphetamine were found, and Roddy ultimately claimed that the drugs were his. Howard also testified that a methamphetamine pipe was discovered on Roddy's person and that Roddy was with Thomas, who was on active supervision with a search waiver on file and had been arrested several times with Roddy for narcotics-related offenses.

Officer Howard's testimony was sufficient to establish by a preponderance of the evidence that Roddy had violated the terms and conditions of his SIS, s*ee, e.g.*, *Mathis*, *supra*, and it was up to the circuit court to assess the credibility and weight of that testimony, *see Burgess*, *supra*. As such, there was sufficient evidence to support the revocation. Accordingly, we affirm.

Affirmed.

HARRISON, C.J., and HIXSON, J., agree.

*Terry Goodwin Jones*, for appellant.

5

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.