Cite as 2024 Ark. App. 532

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-89

JORDAN ABERNATHY

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered October 30, 2024

APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT
[NO. 02CR-19-244]

HONORABLE ROBERT B. GIBSON III, JUDGE

AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER

**MIKE MURPHY, Judge**

Appellant Jordan Abernathy appeals from the December 1, 2023 sentencing order revoking his suspended imposition of sentence (SIS). Abernathy had previously pleaded guilty to one count of possession of drug paraphernalia (a Class D felony) and one count of possession of a firearm by certain persons (a Class B felony). He was sentenced to eight years' incarceration and six years' SIS. Upon revocation, he was sentenced to fifteen years on each count to run concurrently. On appeal, Abernathy argues that there was insufficient evidence supporting the revocation and that the circuit court erred in denying his motion for a continuance. We affirm the revocation but remand for a corrected sentencing order.

I. *Facts*

Abernathy pleaded guilty to one count of possession of drug paraphernalia and one count of possession of a firearm by certain persons on November 18, 2019. Pursuant to the plea agreement, he was sentenced to eight years' incarceration and six years' SIS. On August 28, 2023, the State filed a petition to revoke Abernathy's SIS. In that petition, the State alleged that he had violated the terms of his SIS by possessing controlled substances.

At the revocation hearing on the State's petition, Abernathy's appointed counsel first moved for a continuance so that Abernathy could retain private counsel. Abernathy had not realized until that morning the amount of jail time he was facing, and his father indicated that he was willing to hire Abernathy an attorney for the revocation. The State objected to the motion, arguing that it had provided Abernathy's counsel with the plea offer (it was for forty years) twenty days ago, its witnesses were there, and the State was ready to proceed. The court denied the motion, and the hearing proceeded.

The State's first witness was Investigator Tad Huntsman with the Ashley County Sheriff's Department. He testified that his department received a call from Abernathy's grandmother, and he responded to the call. When Investigator Huntsman arrived at the grandmother's house, she led him to a bedroom where Abernathy was passed out. In the bedroom, Huntsman found Abernathy, some of Abernathy's belongings, ninety-eight grams of marijuana, and suboxone. There was no crime-lab evidence introduced that the substances found that day were, in fact, marijuana or suboxone. However, Huntsman testified that his identification of the substances was based on his seven years as a narcotics investigator and over one thousand hours of police training and experience. He testified that the marijuana

2

smelled like "green marijuana[,] that had not been smoked yet" and that the suboxone was in Abernathy's wallet in an unopened package labeled "suboxone." As the result of this testimony, the circuit court found that Abernathy had violated the terms of his SIS by possessing controlled substances.

On appeal, Abernathy argues that the circuit court erred in revoking his SIS and denying his motion for a continuance.

## II. *Sufficiency of the Evidence*

To revoke an SIS, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492. The State's burden of proof in a revocation proceeding is lower than that required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Id.* The State does not have to prove every allegation in its petition, and proof of only one violation is sufficient to sustain a revocation. *Mathis v. State*, 2021 Ark. App. 49, at 3, 616 S.W.3d 274, 277. We will uphold the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position to do so. *Burgess v. State*, 2021 Ark. App. 54, at 6.

Abernathy first argues that Investigator Huntsman's testimony identifying the marijuana and suboxone is insufficient to prove that the substances in question were, in fact, marijuana and suboxone. He explains that there was an inadequate foundation concerning

what experience or training Huntsman had to identify controlled substances. However, Huntsman testified that he was a narcotics investigator and the circuit court credited Huntsman's testimony. The State does not have to use chemical analysis to prove the identity of a controlled substance. *Kellensworth v. State*, 2021 Ark. 5, at 4, 614 S.W.3d 804, 807. Lay testimony may provide substantial evidence of the identity of a controlled substance, even in the absence of expert chemical analysis. *Id.* Given the low burden of proof in a revocation proceeding, Huntsman's experience as a narcotics investigator, and Huntsman's testimony identifying the substances as marijuana and suboxone, we hold that the evidence is sufficient in a revocation setting to support the finding that Abernathy violated a condition of his SIS.

III. *Motion to Continue*

Abernathy next argues that the circuit court erred when it denied his motion for a continuance to obtain new counsel.

A circuit court retains broad discretion to grant or deny a continuance for purposes of obtaining new counsel. *Brewer v. State*, 2017 Ark. App. 335, at 4, 525 S.W.3d 24, 26. Once competent counsel has been obtained, any request for a change in counsel must be balanced against the public's interest in the prompt dispensation of justice. *Raino v. State*, 2021 Ark. App. 331, at 8. A circuit court's denial of a continuance will not be overturned absent a showing of abuse of that discretion. *Id.* at 6. An abuse of discretion occurs only when the circuit court acts improvidently, thoughtlessly, or without due consideration. *Brewer*, 2017 Ark. App. 335, at 5, 525 S.W.3d at 27. And even if the circuit court abused its discretion,

an appellant must also demonstrate prejudice amounting to a denial of justice. *Raino*, 2021 Ark. App. 331, at 8.

Here, Abernathy waited until after the start of the revocation hearing to move for a continuance. Last-minute continuances tread upon the rights of parties and the demands of a court's calendar. *Liggins v. State*, 2015 Ark. App. 321, at 7, 463 S.W.3d 331, 336. Abernathy explains that the late motion is excusable because the matter had been pending only a short time. We are not persuaded that the two are related; a brief pending period does not inherently justify a last-minute request. Nor had Abernathy identified a counsel he wished to hire. When a defendant has not identified a counsel of choice, he is not manifestly deprived of that choice. *Raino*, 2021 Ark. App. 331, at 9.

Abernathy explains his case is like *Arroyo v. State*, 2013 Ark. 244, 428 S.W.3d 464, where our supreme court held that the circuit court erred in denying the continuance so that the appellant could retain a counsel of his choosing. The chief issue in *Arroyo*, however, was that the circuit court failed entirely to allow or inquire at all why the appellant did not want his current counsel representing him. Here, Abernathy's trial counsel was allowed to fully explain the request for a continuance on the record. The circuit court heard the request, heard the response, and made a ruling. The circuit court did not abuse its discretion in denying the motion to continue.

Abernathy was sentenced as a habitual offender under Arkansas Code Annotated section 5-4-501(a) (Supp. 2023). That subsection provides that the extended term of imprisonment for a defendant shall not exceed twelve years for a Class D felony and not less

than five nor more than thirty years for a Class B felony. At the revocation hearing, he was sentenced to fifteen years on both counts, to run concurrently. However, a fifteen-year sentence exceeds the maximum sentence for the Class D felony for possession of drug paraphernalia and is therefore illegal. We remand for the circuit court to correct the sentencing order.

Affirmed; remanded to correct sentencing order.

GRUBER and BARRETT, JJ., agree.

*Law Offices of John Wesley Hall*, by: *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.