Cite as 2025 Ark. App. 248

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CR-24-615

| | |
|---|---|
| JEFFREY CRABTREE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 23, 2025<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JCR-23-91]<br><br>HONORABLE CHRIS THYER, JUDGE<br><br>AFFIRMED |

**CASEY R. TUCKER, Judge**

This case comes before the court on appeal from the Craighead County Circuit Court's decision to revoke Jeffrey Crabtree's suspended imposition of sentence. The appellant, Jeffrey Crabtree, challenges the circuit court's decision on two grounds: (1) the sufficiency of the evidence supporting the revocation of his SIS, and (2) the denial of his motion for a continuance to hire private counsel. We affirm.

On June 12, 2023, Crabtree pleaded guilty to possession of marijuana with purpose to deliver and was sentenced to five years' suspended imposition of sentence (SIS). The conditions of Crabtree's SIS included, inter alia, not committing any crime punishable by imprisonment and not possessing any controlled substance for illegal purpose.

The State filed a petition to revoke Crabtree's SIS on March 19, 2024, following his February arrest for possession of methamphetamine, possession of a pipe, and tampering

with evidence. The State filed a supplemental petition to revoke his SIS on May 14, 2024, following Crabtree's April arrest for possession of methamphetamine, possession of a pipe, and tampering with evidence.

The revocation hearing was originally set for June 10, 2024, but at Crabtree's request on that date, was continued to June 11, 2024. At the beginning of the hearing on June 11, Crabtree requested another continuance to hire new counsel, stating he had not had an opportunity to meet with his attorney. The circuit court noted that Crabtree had not stayed and attempted to speak with his attorney following the hearing the day before, despite having the opportunity to do so. Crabtree admittedly had spoken briefly with his attorney on the telephone. In response to questioning by the court, Crabtree's attorney informed the court that he was ready to move forward, and the court denied Crabtree's request for a continuance.

The State called two witnesses at the hearing. The first witness, Officer Nash Thomas of the Arkansas State Police, testified that he stopped Crabtree in February 2024 after he received a report that Crabtree was driving erratically and failing to stay in his lane. During the stop, the officer who was with Officer Thomas saw Crabtree "do something" on the other side of his truck as he was exiting the vehicle. Officer Thomas heard something hit the ground. When he went around the truck, he found a white pouch containing a glass pipe and methamphetamine. Officer Thomas testified that his dash-camera footage confirmed the pouch came from Crabtree's truck. Officer Thomas arrested Crabtree for possession of methamphetamine, possession of drug paraphernalia, and tampering with evidence.

2

Next, the State called Officer Lloyd Norman of the Craighead County Sherriff's Office. On April 7, 2024, Officer Norman performed a welfare check on Crabtree after he was seen slumped over the steering wheel in his truck while parked in a cemetery. Officer Norman smelled marijuana and found marijuana roaches in a cigarette pack, which Crabtree had reported to him, and a small bottle of marijuana inside the truck. Norman destroyed the marijuana and released Crabtree. However, while returning to his truck, Norman saw a small gray case lying on the ground that had not been there before his encounter with Crabtree. Officer Norman found a glass pipe with a burnt end and a baggie containing methamphetamine inside the case. The case was dry, although the surrounding area was covered in dew. Officer Norman went to Crabtree's house and arrested him. During the arrest, Crabtree informed Officer Norman that he had thrown the case from his truck because he did not want to go to jail.

At the close of the State's case, Crabtree moved to dismiss, which was denied by the court. He then declined to testify or put on further evidence and renewed his motion to dismiss. The court denied his motion and revoked Crabtree's SIS, sentencing him to ten years' imprisonment in the Arkansas Division of Correction. Crabtree timely appealed.

I. *Sufficiency of the Evidence*

Crabtree argues that the revocation of his SIS is not supported by sufficient evidence because neither officer saw him toss the contraband out of his truck window and the State did not produce dash-camera-video evidence supporting the officers' testimony. Crabtree's arguments are without merit.

3

In order to revoke a defendant's suspended sentence, the circuit court must find by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of his or her suspension. *McGahey v. State*, 2024 Ark. App. 30, 683 S.W.3d 211. This court will not reverse the circuit court's revocation unless it is clearly against the preponderance of the evidence. *Id.* We defer to the circuit court's superior position on questions of credibility and weight to be given the testimony. *Id.* Due to the difference in the burdens of proof, evidence that is insufficient to support a criminal conviction may support a probation or suspended-sentence revocation. *Id.* Circumstantial evidence may be sufficient to support a probation revocation. *Passmore v. State*, 2024 Ark. App. 425, 698 S.W.3d 400.

When the State alleges possession of contraband as a basis for revocation, it is not required to prove actual possession. Rather, constructive possession is sufficient. *Knauls v. State*, 2020 Ark. App. 48, at 4, 593 S.W.3d 58, 61. Constructive possession is the control of or the right to control the contraband. *Hare v. State*, 2024 Ark. App. 223, 687 S.W.3d 158. It can be inferred from circumstances, such as the contraband being in plain view and its proximity to the accused as well as the accused's suspicious behavior. *Farris v. State*, 2024 Ark. App. 188, 686 S.W.3d 602.

In the present case, Officer Thomas testified that while he was conducting the traffic stop of Crabtree, the officer who was with him saw Crabtree do something on the other side of the car. Officer Thomas then heard something hit the ground. When he walked around the car, he found the pouch containing the methamphetamine and the broken pipe on the

4

ground. He testified that he reviewed the footage from his dash camera and confirmed that the pouch came from Crabtree's truck.

Officer Norman testified that after he let Crabtree leave, and as he was walking back to his unit, he saw a gray box on the ground that had not been there before. The ground was covered in dew, but the box was dry. Inside the box was methamphetamine and a pipe. While Officer Norman was arresting Crabtree, Crabtree stated that he threw the box out of his truck window because he did not want to go to jail.

Crabtree's arguments are somewhat disingenuous considering that one officer testified that his dash-camera footage confirmed that Crabtree threw the methamphetamine and pipe out of his truck window, and the other officer testified that Crabtree told him he threw the contraband out of his window. This testimony was in addition to the other evidence supporting the determination that the drugs and paraphernalia belonged to Crabtree. Crabtree asserts that the officers' testimony would have been more credible had they supported it with the videos capturing the events. It is apparent that the circuit court found the officers' testimony credible, and this court will not second-guess that determination. Considering the burden of proof, the evidence presented, and the circuit court's superior position to judge credibility, we find the evidence sufficient to support the revocation of Crabtree's SIS.

## II. *Denial of Motion for Continuance*

Crabtree asserts that the circuit court erred in denying his motion for a continuance to hire private counsel. We disagree.

A continuance should be granted only upon a showing of good cause. Ark. R. Crim. P. 27.3. A circuit court has broad discretion in deciding whether to grant a continuance. *Abernathy v. State*, 2024 Ark. App. 532, 699 S.W.3d 842. The circuit court's denial of a motion for continuance will not be overturned absent an abuse of that discretion. *Id.* To establish an abuse of discretion, the appellant must demonstrate that the circuit court acted improvidently, thoughtlessly, or without due consideration and that the denial resulted in prejudice amounting to a denial of justice. *Abernathy, supra*; *Price v. State*, 2009 Ark. App. 664, 344 S.W.3d 678. "Moreover, once competent counsel is obtained, any request for a change in counsel must be considered in the context of the public's interest in the prompt dispensation of justice." *King v. State*, 2019 Ark. App. 531, at 4, 589 S.W.3d 420, 423. Factors to be considered by the circuit court in deciding whether to grant a continuance in order for the defendant to obtain new counsel include (1) whether there has been adequate opportunity for the defendant to employ counsel, (2) whether the defendant has requested and been granted other continuances, (3) the length of the requested delay, (4) legitimate reasons for the continuance, (5) whether the motion was timely, (6) whether the defendant contributed to the need for a continuance, (7) whether discharge of current counsel is solely for obtaining a continuance, and (8) whether granting a continuance would be consistent with the fair, efficient, and effective administration of justice. *Id.*

Crabtree requested a continuance on the morning of the revocation hearing, citing his desire to hire new counsel and claiming insufficient opportunity to confer with his current attorney. Crabtree also had requested a continuance the day before, June 10, and

6

had been granted a one-day continuance. Although Crabtree claimed he had not had an opportunity to meet with his attorney, the scheduling order setting the revocation hearing for June 10, 2024, had been entered on March 28, 2024, over two months before the hearing. The order stated in bold upper-case letters, "IF DEFENDANT IS REPRESENTED BY the PUBLIC DEFENDERS OFFICE, THEY ARE ORDERED TO CONTACT AND/OR MEET WITH THEIR ATTORNEY BEFORE COURT," and provided the phone number to the public defender's office. The scheduling order was signed by Crabtree and his attorney. And, as pointed out by the court, Crabtree had not taken advantage of his opportunity to meet with his attorney the day before when they were in the courtroom.

Crabtree's motion for a continuance was made late in the game. "Last-minute continuances tread upon the rights of parties and the demands of a court's calendar." *Abernathy*, 2024 Ark. App. 532, at 5, 699 S.W.3d at 846. Lack of diligence alone can support a denial of a motion for continuance. *McKee v. State*, 2024 Ark. App. 538, 700 S.W.3d 509. Crabtree had time to employ other counsel and did not take advantage of time and opportunity to meet with his assigned counsel. In addition to showing a lack of diligence, he failed to demonstrate good cause for a continuance or that he was prejudiced by its denial. The circuit court did not abuse its discretion in denying the continuance, and we affirm.

Affirmed.

HARRISON and BARRETT, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.

7