Cite as 2025 Ark. App. 388

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-480

| | | |
|---|---|---|
| | | Opinion Delivered June 4, 2025 |
| CEDRIC TAYLOR, JR | | |
| | APPELLANT | APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. 21ACR-23-52] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBERT B. GIBSON III, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

A Desha County jury convicted appellant Cedric Taylor of being a felon in possession of a firearm and sentenced him to six years' incarceration. On appeal, Taylor argues that the State presented insufficient evidence to show constructive possession and that the Confrontation Clause was violated.[1] We affirm.

The evidence at trial established that, on March 17, 2023, Officer Nathan Donaldson with the Dumas Police Department pulled over the car Taylor was driving for failure to use

---

[1]Taylor was charged with possession of marijuana with the purpose to deliver, a Class D felony; simultaneous possession of drugs and firearm, a Class Y felony; and being a felon in possession of a firearm, a Class B felony. The information was amended, adding a habitual-offender enhancement to each count. Following a motion to sever the felon-in-possession-of-firearm offense, an order for nolle prosequi was entered, allowing for the severance and dismissing the remaining two charges without prejudice.

a turn signal. Taylor was the car's sole occupant. Taylor did not produce a driver's license and told Donaldson that his name was Brennan Taylor. Dispatch subsequently informed Donaldson that there was no record with that name.

Donaldson and another officer who had arrived on the scene, Investigator Eric Armstrong, asked Taylor to get out of the car and decided to search it because they smelled marijuana when they approached. During the search, the officers opened the hood and found an operable Glock 19 pistol and an extended magazine with thirty rounds in it. As they were searching under the hood, Taylor, who was handcuffed, started running. The parties stipulated that Taylor had a previous felony conviction. Police learned Taylor's real identity once he was in jail.

Two witnesses testified at trial: Officer Donaldson and Drug Task Force Officer James Slaughter. Donaldson's body-camera footage was introduced into evidence without objection, and the video was played for the jury. The footage revealed the officers finding the gun and Taylor running away. After Donaldson testified, the prosecution stated its intent not to call Investigator Armstrong as a witness and to release him from his subpoena because his pregnant wife was in the hospital. Taylor objected, asserting that releasing Armstrong would violate the Confrontation Clause because Armstrong "was over the entirety of his prosecution" since he arrested Taylor and was part of the gun's chain of custody. The court overruled the objection, concluding that the prosecution was the master of its case and could decide what witnesses to present.

Taylor moved for a directed verdict at the close of the State's case, which also was at the close of all the evidence, on the ground that his right to confront witnesses had been violated mainly due to the prosecution's failure to call Armstrong as a witness. The trial court denied the motion, and the jury found Taylor guilty of being a felon in possession of a firearm. This appeal followed.

Taylor first argues that the State did not present sufficient evidence to prove that he was in constructive possession of the firearm found under the hood of the vehicle. This argument is not preserved.

 A person commits the offense of possession of a firearm by certain persons if the person has been convicted of a felony and possesses or owns a firearm. *Steadmon v. State*, 2024 Ark. App. 586, at 8–9, 701 S.W.3d 69, 74. Possession of a firearm by certain persons requires a showing that the defendant "possessed" the firearm. *Id.* A showing of constructive possession, which is the control of, or right to control, the contraband, is sufficient to prove possession of a firearm. *Id.* Constructive possession may be inferred when the firearm is found in a place immediately and exclusively accessible to the accused and subject to his or her control. *Id.*

The method to challenge the sufficiency of the evidence at a criminal jury trial is by a motion for directed verdict. *See Bennett v. State,* 308 Ark. 393, 825 S.W.2d 560 (1992). According to Arkansas Rule of Criminal Procedure 33.1, if a motion for directed verdict is to be made in a jury trial, it must be made at the close of the State's evidence and at the close of all the evidence. Rule 33.1(a) requires that a motion for directed verdict "state the specific

grounds therefor." Failure to comply with the time and manner requirements of Rule 33.1(a) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. Ark. R. Crim. P. 33.1(c). Rule 33.1(c) recites that a directed-verdict motion that merely states that the evidence is insufficient does not preserve the issue for appellate review. *Breeden v. State*, 2013 Ark. 145, 427 S.W.3d 5. The rationale behind this rule is that when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion or, if justice requires, allow the State to reopen its case and supply the missing proof. *Pinell v. State*, 364 Ark. 353, 219 S.W.3d 168 (2005). Without a trial court ruling on a specific motion, there is nothing for this court to review. *Maxwell v. State*, 373 Ark. 553, 285 S.W.3d 195 (2008). Our supreme court has held that Rule 33.1 is to be strictly construed. *Stone v. State*, 2015 Ark. App. 133.

Here, Taylor's motion for directed verdict was focused on the confrontation of Investigator Armstrong. Taylor did not pinpoint what element of the offense the State failed to prove nor did he challenge the State's evidence to support "constructive possession." Accordingly, this sufficiency argument is not preserved for appellate review.

Next, Taylor argues he had the right to confront Investigator Armstrong at trial. He contends that because Armstrong was the primary investigator involved in the search and seizure of evidence, and the officer who transported the gun to the police station, Taylor was entitled to cross-examine him.

The Sixth Amendment to the United States Constitution and article 2, section 10 of the Arkansas Constitution provide that the accused in a criminal prosecution has the right

"to be confronted with the witnesses against him." One's right to confront the witnesses against him, however, applies only to witnesses who testify or to those persons whose out-of-court testimonial statements are offered in evidence for the truth of the matter asserted. *Caldwell v. State*, 2018 Ark. App. 588, at 8, 565 S.W.3d 539, 544. The right generally does not compel the State to produce every possible witness. *Id.*

Here, the case against Taylor was made by Officer Donaldson and Officer Slaughter. Specifically, Officer Donaldson's body-camera footage showed him retrieving the firearm from under the hood of the car, and Donaldson identified the firearm as the one he recovered. Officer Slaughter confirmed that he retrieved the firearm from the Dumas Police Department and that the gun operated properly. No hearsay evidence was offered tying Armstrong to the case. Because Taylor was allowed to confront and cross-examine all the witnesses who provided evidence against him, there was no violation of his right to confrontation.

Affirmed.

VIRDEN and BARRETT, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for appellee.