Cite as 2025 Ark. App. 411

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-24-616

| | | |
|---|---|---|
| JOE DOSS | | Opinion Delivered September 10, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-22-697] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRIS THYER, JUDGE |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Joe Doss appeals the Craighead County Circuit Court's revocation of his probation. On appeal, Doss argues that the circuit court erred by denying his motion to dismiss the revocation petition. We affirm.

On October 3, 2022, Doss pled guilty to possession of methamphetamine with the purpose to deliver, and he was sentenced to sixty months' probation. On December 15, 2023, the State petitioned to revoke Doss's probation, alleging that he committed the new offenses of possession of methamphetamine with the purpose to deliver, possession of cocaine with the purpose to deliver, possession of ecstasy with the purpose to deliver, and tampering with physical evidence.

On June 24, 2024, the court held a revocation hearing. At the hearing, Tanner Huff, a law enforcement officer with the Jonesboro Police Department, testified that on November

22, 2023, he conducted a traffic stop on a car in which Doss was a passenger. He explained that Doss was in the car's back seat and that he searched Doss due to his probation status. Huff testified that he found a plastic bag containing marijuana residue in Doss's pocket and a plastic bag containing marijuana in a seat pocket near Doss's seat. He stated that he then detained Doss for possession of marijuana.

Wilburn Crews testified that he is a law enforcement officer with the Jonesboro Police Department and works in the street-crimes unit handling gangs, narcotics, and criminal activity. Crews stated that he assisted Huff with the traffic stop, and he explained that after he transported Doss, he discovered a white bag in the back seat of the patrol car. He testified that he watched the video from the back-seat camera and saw Doss remove a bag from his pocket and place the bag under items in the patrol car. The State introduced the recording into evidence. Crews then testified that the bag contained 216 ecstasy pills, 14 individual bags of methamphetamine, and 4.6 grams of cocaine. Crews explained that he identified the drugs on the basis of his experience, the drugs' appearance and packaging, and Doss's actions.

Doss's attorney later moved to dismiss the petition for insufficient evidence. He argued that the length of his detention after the traffic stop violated Arkansas Rule of Criminal Procedure 3.1. He also complained that no one from the crime laboratory testified about the chemical analysis of the substances, and he asserted that his Confrontation Clause rights were violated when he could not cross-examine a crime-laboratory witness. The court denied the motion.

The court found Doss violated his probation, and it sentenced him to twenty years' imprisonment and ten years' suspended sentence. Doss appeals the revocation.

To revoke probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490. The State's burden of proof in a revocation proceeding is lower than that required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Id.* The State does not have to prove every allegation in its petition, and proof of only one violation is sufficient to sustain a revocation. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274. We will uphold the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position to do so. *Burgess v. State*, 2021 Ark. App. 54.

On appeal, Doss first argues that the circuit court erred by denying his motion to dismiss the revocation petition because the State presented insufficient evidence to substantiate the chemical composition of the alleged drugs. He points out that the State did not provide a chemical analysis, and no witness from the crime laboratory testified. He further argues that his rights under the Confrontation Clause were violated because he could not cross-examine a witness from the crime laboratory.

Doss's argument is without merit. The State is not required to use chemical analysis to prove the identity of a controlled substance. *Kellensworth v. State*, 2021 Ark. 5, 614 S.W.3d

804; *Abernathy v. State*, 2024 Ark. App. 532, 699 S.W.3d 842. Lay testimony may provide substantial evidence of the identity of a controlled substance, even in the absence of expert chemical analysis. *Kellensworth*, 2021 Ark. 5, 614 S.W.3d 804; *Abernathy*, 2024 Ark. App. 532, 699 S.W.3d 842. Here, a narcotics officer testified and identified the drugs. Accordingly, we hold that the evidence is sufficient to support the finding that Doss violated his probation.

As to Doss's Confrontation Clause argument, the right to confront and cross-examine applies only to witnesses who testify or to those persons whose out-of-court testimonial statements are offered in evidence for the truth of the matter asserted. *Caldwell v. State*, 2018 Ark. App. 588, 565 S.W.3d 539. The right generally does not compel the State to produce every possible witness. *Id.*

Here, the State did not introduce any evidence from the crime laboratory. Thus, the court did not deny Doss his right to confront a witness, and his rights under the Confrontation Clause were not violated.

Doss also asserts that the circuit court erred by considering his possession of marijuana in denying his motion to dismiss for a violation of Arkansas Rule of Criminal Procedure 3.1[1] because the State did not allege possession of marijuana as a violation in the

---

[1]Rule 3.1 of the Arkansas Rules of Criminal Procedure provides the basic rule for stopping and detaining a person:

A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger

4

revocation petition. He also asserts that the circuit court should have dismissed the revocation petition for a violation of Rule 3.1 for detaining him more than twenty minutes following the traffic stop.

Doss's argument is again meritless. Officers detained Doss following the traffic stop for possessing marijuana, and Doss did not argue below that the circuit court could not consider his possession of marijuana in addressing the Rule 3.1 argument. *Myers v. State*, 2014 Ark. App. 720, 451 S.W.3d 588 (holding that a defendant must object to the circuit court to preserve an issue for appeal). Even so, the circuit court also based Doss's revocation on his possession of cocaine, ecstasy, and methamphetamine, and the State alleged those violations in the petition. Proof of only one violation is sufficient to sustain a revocation. *Mathis*, 2021 Ark. App. 49, 616 S.W.3d 274. Accordingly, the circuit court did not err in denying Doss's motion to dismiss. We affirm the revocation of Doss's probation.

Affirmed.

BARRETT and WOOD, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.

---

of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct. An officer acting under this rule may require the person to remain in or near such place in the officer's presence for a period of not more than fifteen (15) minutes or for such time as is reasonable under the circumstances. At the end of such period the person detained shall be released without further restraint, or arrested and charged with an offense.