Cite as 2025 Ark. App. 448

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-24-668

|  |  |  |
|---|---|---|
| | | Opinion Delivered October 1, 2025 |
| JOHN NAYLOR | | |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, EASTERN DISTRICT |
| V. | | [NO. 16LCR-23-26] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRIS THYER, JUDGE |
| | | AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

John Naylor appeals the order of the Craighead County Circuit Court revoking his probation and suspending imposition of any sentence for a period of ten years. We affirm.

In November 2023, Naylor pleaded guilty to three counts of failing to register as a sex offender, each charged in a separate case, and was placed on three years of probation for each count. In April 2024, the State filed a petition to revoke Naylor's probation in all three cases based on the commission of new offenses. A combined revocation hearing in all three cases was held in June 2024. Naylor has filed separate appeals in each case, which are addressed in separate opinions handed down today.

Probation officers Duane Busby and Brian Hook testified that they went to Naylor's place of work in February 2024 to serve him with notice of his appointment for a sex-offender

community-notification assessment. They found Naylor sitting in his car, and after serving him with the paperwork, they searched his car to ensure he was in compliance with probation. Inside a backpack in Naylor's car, Agent Hook found a bulbous pipe with a long glass tube that had white residue on the inside and burn marks on the outside. He said this was consistent with a pipe used to inhale methamphetamine. Agent Hook also found a syringe containing a brownish liquid that was consistent with injecting narcotics intravenously. Officer Jeremy Parnell of the Jonesboro Police Department testified that he performed a field test on the evidence the following day, and it tested positive for methamphetamine. The circuit court found by a preponderance of the evidence that Naylor had violated the terms and conditions of his probation by being in possession of methamphetamine and drug paraphernalia.

A circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation. *Yarberry v. State*, 2021 Ark. App. 265. The State has the burden of proving a condition of probation has been violated, and proof of only one violation must be shown to sustain a revocation. *Id.* The circuit court's findings are affirmed on appellate review unless they are clearly against the preponderance of the evidence. *Id.* The appellate courts defer to the circuit court's superior position to determine witness credibility and the weight to be accorded any testimony. *Id.*

On appeal, Naylor argues that there was no credible evidence by which the circuit court could find without resorting to speculation that he violated his probation. He first

argues that the court was left to speculate as to whether the witnesses had the required training and experience to identify the substance he possessed as methamphetamine. We disagree. As Naylor recognizes, lay testimony may provide substantial evidence of the identity of a controlled substance, even in the absence of expert chemical analysis. *Abernathy v. State*, 2024 Ark. App. 532, 699 S.W.3d 842 (holding that narcotics investigator's training and experience of seven years was sufficient to support his identification of controlled substance in revocation hearing). Here, Agent Hook testified that he had worked for the Division of Community Correction for sixteen years and that his identification of the contraband was based on "previous contacts and training." While Naylor complains that there was no specific ruling as to the witnesses' credibility, the court clearly found the witnesses credible when it found that Naylor had possessed methamphetamine and drug paraphernalia "as the witnesses testified to."

Furthermore, Officer Parnell testified that a field test was positive for methamphetamine. Naylor argues that this testimony cannot support revocation because the officer did not specify whether he tested the contents of the pipe or the syringe. This ignores the officer's testimony that he "squirted" the methamphetamine into the field-test pouch. Regardless of which item was tested, however, Naylor does not dispute that it was in his possession and that it tested positive for methamphetamine. We hold that the circuit court's finding that Naylor violated his probation is not clearly against the preponderance of the evidence.

Affirmed.

VIRDEN and WOOD, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.